# STATE v. CREAMERY PACKAGE MANUFACTURING COMPANY and Another.[1]

### July · 14, 1911

### Nos. 17,188—(12).

**Case followed.**

State v. Creamery Package Manufacturing Co. 110 Minn. 415, adhered to.

**Foreign corporation — restraint of trade — decree prohibiting further business.**

Under R. L. 1905, §§ 5168, 5169, providing that every foreign corporation admitted to transact business in this state, that is guilty of entering into any pool, trust agreement, combination, or understanding in restraint of trade, within this state, shall thereafter be prohibited from continuing its business therein, the court has no discretion, after the corporation is found guilty in an action begun and conducted under said sections, to grant any other or different judgment than one prohibiting the corporation from continuing its business within the state.

**Same — interstate business.**

The judgment herein does not prohibit defendant from doing an interstate business within this state.

**Violation of constitution.**

The judgment herein is not in violation of the constitution or laws of the United States.

After the former appeal, reported in 110 Minn. 415, 126 N. W. 126, 623, defendant moved to modify the conclusions of law and order for judgment in the manner described in the opinion. The motion was denied, Buckham, J. From the judgment awarding

[1] Reported in 132 N. W. 268.

plaintiff $290.13 as costs and disbursements, and prohibiting the ·Creamery Package Manufacturing Company from continuing business in the state of Minnesota, it appealed. Affirmed.

*Cohen, Atwater & Shaw,* for appellant.

*George T. Simpson,* Attorney General, and *C. Louis Weeks,* Assistant Attorney General, for the state.

BUNN, J.

This is an appeal by defendant the Creamery Package Manufacturing Company from a judgment entered in favor of plaintiff, forfeiting the license of defendant to do business in this state, and prohibiting it from continuing to do business in this state. The judgment was entered pursuant to the decision of the trial court, after such decision was affirmed by this court in State v. Creamery Package Manufacturing Co., 110 Minn. 415, 126 N. W. 126, 623, 136 Am. St. 514.

After the opinion on motion for reargument was rendered, defendant, upon affidavits tending to show that it had discontinued the illegal acts which formed the basis of the decision that its license should be forfeited, moved the trial court for an order modifying its conclusions of law, by striking out the conclusion that defendant had forfeited its license to do business in this state and ·should by the judgment to be entered be prohibited from continuing its business therein under its license, and striking out the order ·for judgment, substituting an order for judgment restraining defendant from doing the illegal acts, providing that on violation of the injunction judgment might be entered, on proper notice and ·order, revoking defendant's license, and continuing the court's jurisdiction of the cause for the making of application for and the ·entry of such judgment. This motion was denied, and judgment was entered as before stated. As to the questions determined on the former appeal, we find no reason to change the views then expressed, and adhere to the decision.

It is contended by defendant that the trial court denied its motion to modify the judgment on the ground that it had no discretion in the matter and no power to grant relief other than that specified

in the statute.  While it does not clearly appear that the court did not exercise its discretion when it refused to modify the judgment, we will not place our decision upon that ground.  The question is: Did the trial court have the power, was it within its discretion, to grant relief other and less drastic than a forfeiture of defendant's right to continue business within this state?  Was it within the court's discretion, notwithstanding the provision of the statute, to refuse or suspend the forfeiture, and simply enjoin the future violation of the law?

There can be no doubt that in quo warranto proceedings, or proceedings in the nature of quo warranto, to forfeit the franchise of a corporation for exercising rights which it does not possess under its charter, or for entering into an illegal contract, where the statute does not provide that the penalty of forfeiture shall follow, the punishment rests in the discretion of the court.  The judgment may be a general judgment of ouster, or it may be an ouster of the right to do the particular act complained of, or it may be a suspensive judgment of ouster, with a fine accompanying it, or it may be a simple fine.  This is the rule that defendant asks to have applied to this case.  It claims that this discretion exists even where, as here, the statute is mandatory in form, and clearly says that the corporation, if found guilty, shall thereafter be prohibited from continuing its business within the state.

Counsel cites a number of cases in support of this contention, but the only cases where a statute prescribed the judgment, and yet it was held to be discretionary with the court whether to follow the statute or deal out what it deemed justice in the particular case, are two cases from Missouri.  State v. Armour, 173 Mo. 356, 73 S. W. 645, 61 L.R.A. 464, 96 Am. St. 515; State v. Standard Oil, 218 Mo. 1, 116 S. W. 902.

The case of State v. Portland, 153 Ind. 483, 53 N. E. 1089, 53 L.R.A. 413, 74 Am. St. 314, is not in point, for the reason that there was no statute that prescribed the penalty of forfeiture.  That the Indiana court did not intend to hold that the court had discretion, where the legislature had prescribed the judgment that should follow conviction, is made clear by the statement in Marion v. Mex-

ican, 160 Ind. 558, 65 N. E. 748, that, "where the corporation has been guilty of acts which by statute are made a cause of forfeiture, the rule is different."

The case of State v. International, 81 Kan. 610, 106 Pac. 1053, cannot be considered as authority, for the reason that the parties to that case stipulated the decree to be entered, and the court merely adopted that decree. An examination of the authorities cited in State v. Armour to support the court's conclusion that "the character of the judgment rests in the discretion of the court" does not, we think, support that conclusion.

In none of the cases was the question disputed, and in but two was there a statute that prescribed the character of the judgment.

In Commonwealth v. Delaware, 43 Pa. St. 295, the court held that the penalty provided by the statute was not in due course of law, and was therefore invalid. State v. Standard, 49 Oh. St. 137, 30 N. E. 279, 15 L.R.A. 145, 34 Am. St. 541, supports the view that the court has discretion notwithstanding a statute; but it was apparently not a litigated question.

There is abundant authority to support the proposition that, where the legislature has clearly said that forfeiture of its franchises should be the result of a corporation's violation of law, the courts have no discretion. Mr. Thompson, in his work on Corporations, lays down the rule that the character of the judgment in quo warranto cases rests in the discretion of the court, and uses the almost identical language employed by the Missouri court in the cases above referred to, but says: "But where the corporation has been guilty of acts which by statute are made a cause of forfeiture, the rule is different, and the court is without discretion where the case is made." 5 Thompson, Corporations (2d Ed.) § 5824. Cases that fully support this rule are Marion v. Mexican, supra; State v. Pennsylvania, 23 Oh. St. 121; State v. Oberlin, 35 Oh. St. 258; State v. Omaha, 91 Iowa, 517, 60 N. W. 121.

This court has never passed directly on the question, though in State v. Minnesota Central Ry. Co. 36 Minn. 246, 258, 30 N. W. 816, the court said that, where the statute provided the penalty of dissolution for a railway corporation that had suspended business for

one year, it had no discretion, when the facts clearly appeared, to refuse judgment of forfeiture. But as the court was not asked to impose a less penalty, or to suspend the forfeiture, the case does not control on the question now before us. We think, however, that on authority the rule is that the court has no discretion when the legislature has clearly provided the character of judgment to be rendered.

On principle the question is quite clear. It was within the power of the legislature to say what penalty should be imposed upon a foreign corporation that was found guilty of a violation of our laws. The legislature had the right to determine what the penalty should be, or they might have left it to the court to fix the penalty and determine the character of the judgment. They said in clear and explicit terms that a foreign corporation, found guilty of entering into a pool or combination in restraint of trade, "shall be prohibited from continuing its business in the state." What ground is there for saying that the court may disregard this direction? It seems very clear that the legislature did not intend that the court should have any discretion in regard to the punishment. It would have been easy to have used words indicating that the court might exercise its discretion, but difficult to express more clearly the idea that the whole matter of the penalty was taken from the court and determined by the legislature. We cannot avoid the conclusion that we could be justly accused of legislating, were we to hold that, notwithstanding the plain language of the statute, the court may impose a less punishment, or render a judgment that would permit defendant's continuing its business within the state. We do not feel warranted in holding that the word "shall" should be construed as "may" in this case. It is quite apparent that the legislature meant "shall." The statute is mandatory in its terms, and there is nothing that leads us to believe that it was not intended to be mandatory in effect. We hold that the trial court had no power or discretion to modify the judgment as requested.

The statement in the opinion of this court on the petition for reargument of the former appeal that the judgment of this court, "being an affirmance of the order denying a new trial, does not, of

itself, preclude the district court from entertaining any application by the defendant made to it in accordance with the judicial procedure of this state," was not a holding directly or inferentially, that the trial court would have discretion to grant the modification asked.

The decisions of the United States Supreme Court in the Standard Oil (221 U. S. 1, 31 Sup. Ct. 502, 55 L. ed. 619) and Tobacco (221 U. S. 106, 31 Sup. Ct. 632, 55 L. ed. 663) cases, granting time to the corporations to effect such changes in their business as would make it conformable to law, are not in point. The Sherman act [26 St. 209, c. 647], did not impose the penalty of a forfeiture of corporate rights, and prosecutions were not to forfeit such rights, but to enjoin the acts and dissolve the combinations that were in restraint of trade.

The Standard Oil and Tobacco cases are appealed to also to induce us to apply the "rule of reason" to this case. In other words, we are asked to hold that our statute should be construed as forbidding only such a monopoly or restraint of· trade as was illegal at common law. These decisions do not help defendant. It is expressly stated by Justice O'Brien in his opinion on the former appeal that "we believe the February agreement to have been unlawful under the common law," though the decision does hold, on the authority of U. S. v. Trans-Missouri Freight Assn., 166 U. S. 290, 17 Sup. Ct. 540, 41 L. ed. 1007, that the character of the competition to which the agreement put an end is not material. The evidence showed that the acts of defendant constituted an "undue" restraint of trade, a monopoly and restraint of trade that would have been illegal at common law.

The judgment herein does not prevent defendant from doing interstate business within the borders of this state. We construe it as only forbidding defendants continuing its intrastate business.

Defendant contended on this appeal, as well as on the former appeal, that the judgment is in violation of article 1, § 10, and article 1, § 8, of the United States Constitution, article 14 of the amendments to said constitution, and of the acts of congress relating to inventions and inventors. We overruled all of these conten-

tions in the former decision, and here reaffirm the rulings there made on these claims of defendant under the constitution and laws of the United States.

Judgment affirmed.