KINNEAR & GAGER MANUFACTURING COMPANY v. CHARLES MINER.

November Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed January 7, 1916.

*Foreign Corporations—Right to Do Business— P. S. 774—"Doing Business"—"Interstate Commerce."*

Where a foreign corporation, through its agents, made numerous contracts in Vermont, under which it furnished its product, manufactured in and forwarded from another state, to residents of Vermont, in some instances erecting and installing the same, furnishing necessary labor and supplies, in such instances the corporation was doing business in Vermont within the meaning of P. S. 774, prescribing conditions precedent to doing business in this State.

Where a foreign corporation is engaged in transactions that are partly interstate commerce and partly purely local to this State, and the latter element can be separated from the former, P. S. 774, prescribing conditions precedent to the right of a foreign corporation to do business in this State, applies, but if the local element of the transaction is merely incident to the interstate element, the whole is protected from state laws.

Where an Ohio corporation, manufacturing goods in that State, under a contract made in this State with defendant, a resident thereof, delivered a shipment of such goods to defendant in Ohio by delivering them to a carrier there to be transported to defendant in Vermont, the contract involved an independent transaction in interstate commerce, and so could be enforced by the corporation, regardless of the provisions of P. S. 774, 776.

Although one of the essential characteristics of "interstate commerce" is the movement of property or intelligence from one state to another, it is wholly immaterial whether such movement is effected by the seller or the buyer, for the commerce clause of the Federal Constitution, which protects interstate commerce from interference by the states, is as much for the benefit and protection of the buyer as of the seller.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by jury at the April Term, 1915, Windham County, *Butler, J.*, presiding. Verdict directed for the plaintiff, and judgment thereon. The defendant excepted. The opinion states the case.

*Chase & Chase* for the defendant.

*Barber & Barber* for the plaintiff.

POWERS, J. The plaintiff is a foreign corporation, and has not complied with P. S. 774 prescribing certain conditions precedent to such a foreign corporation's right to do business in this State. It entered into a contract with the defendant engaging to furnish certain materials for the latter's new building at Brattleboro. It carried out this undertaking, making delivery of the materials to the defendant in Ohio. The latter accepted the goods and made use of them as contemplated by the contract. The plaintiff brought this suit for the price of the goods and the validity of the contract was established. *Kinnear & Gager Mfg. Co.* v. *Miner,* 88 Vt. 324, 92 Atl. 459. The defence now made rests upon P. S. 776, and counsel agree that the questions presented are two in number as follows:

1. Was the plaintiff "doing business" in this State within the meaning of the statute?

2. Was this contract an interstate transaction, and therefore beyond the reach of the statute?

1. It appears from the record, that the plaintiff had made numerous contracts in this State, through its agents and representatives, under which it had furnished its product, manufactured in and forwarded from another state, to residents of Vermont. In some instances, the purchaser erected and installed the materials so furnished; in many others, the plaintiff erected and installed the same, furnishing the necessary labor and supplies therefor.

The facts recited require us to hold that so far as the erection and installation of these building materials are concerned, the plaintiff was doing business in this State within the meaning of the statute. The rule governing such cases is this: Where a foreign corporation is engaged in transactions which are in character partly interstate commerce and partly purely local, and the

latter element can be separated from the former, state statutes apply.

Thus it is held in *Muller Mfg. Co.* v. *Dothan Bank*, (Ala.) 57 So. 762, that a foreign corporation, furnishing and erecting certain trimming, fixtures, etc., for a bank building, was doing business in the state where the work was done. And in *Browning* v. *Waycross*, 233 U. S. 16, 58 L. ed. 828, 34 Sup. Ct. 578, it is held that erecting lightning rods as agent of a non-resident manufacturer thereof, being local and separable, was doing business in that state, and that such business was subject to a local license tax. See, also, *American Amusement Co.* v. *East Lake Chutes Co.*, 174 Ala. 526, 56 So. 961.

If, on the other hand, the local element of the transaction is merely incidental to the element of interstate commerce, the whole is protected from state laws. *Crutcher* v. *Kentucky*, 141 U. S. 47, 35 L. ed. 649, 11 Sup. Ct. 851; *Kehrer* v. *Stewart*, 197 U. S. 60, 49 L. ed. 663, 25 Sup. Ct. 403; *Brownington* v. *Waycross, supra.*

But, though in the respect specified, this plaintiff has heretofore been doing business in Vermont contrary to the provisions of the statute, this contract may be enforced since it involves only an interstate transaction wholly independent of and apart from its purely local business. It cannot be penalized in this transaction for its conduct in some other transaction. This follows from the separability of the two elements of its business, and is shown by the cases holding that taxes locally imposed upon the interstate and intrastate business of a foreign corporation are valid on the latter, though invalid on the former, if they can be separated. *Ratterman* v. *Western Union Telegraph Co.*, 127 U. S. 411, 32 L. ed. 229, 8 Sup. Ct. 1127; *Kehrer* v. *Stewart, supra.* It is also shown by *Minnesota* v. *Creamery Pkg. Co.*, 115 Minn. 207, 132 N. W. 268, L. R. A. 1915 A, 892, Ann. Cas. 1912 D, 820, wherein it was held that a judgment prohibiting the defendant from continuing its business in that state, did not prevent it from doing an interstate business therein.

The defendant insists, however, that this contract did not cover a transaction of interstate commerce, for the reason that the goods were delivered to him in Ohio and not in Vermont. The argument is that the transaction was complete when the plaintiff so made delivery and that the plaintiff was then free to resell the goods at the point of shipment or elsewhere in that state; and

this being so, no interstate transportation was necessarily involved. All this may be conceded; and it may be taken as established that one of the essential characteristics of interstate commerce is the movement of property or intelligence from one state to another. *People* v. *Chicago, etc. R. Co.,* 223 Ill. 581, 79 N. E. 144, 7 Ann. Cas. 1; *People* v. *Reardon,* 184 N. Y. 431, 77 N. E. 970, 8 L. R. A. (N. S.) 314, 112 Am. St. Rep. 628, 6 Ann. Cas. 515; *Council Bluffs* v. *Kansas City etc R. Co.,* 45 Ia. 338, 24 Am. Rep. 773; *Mr. Justice Matthews in Cooper Mfg. Co.* v. *Ferguson,* 113 U. S. 727, 28 L. ed. 1137, 5 Sup. Ct. 739. But though transportation from one state to another is essential, it is wholly immaterial how or by whom it is effected. The constitutional provision which protects commerce of this character from interference by the states is as much for the benefit and protection of the buyer as the seller; it is just as important that the former should be free to go into another state to buy for shipment to and use in his own state, as it is that the latter should be free to go into another state to dispose of and deliver his goods. As was said by the present Chief Justice in *American Express Co.* v. *Iowa,* 196 U. S. 133, 49 L. ed. 417, 25 Sup. Ct. 182, the decisions of the Supreme Court of the United States construing the commerce clause of the Federal Constitution rest "upon the broad principle of the freedom of commerce between the states, and the right of a citizen of one state to freely contract to receive merchandise from another state, and of the equal right of the citizen of a state to contract to send merchandise into other states."

By fair, if not necessary construction, this record shows that the delivery to the defendant in Ohio was made in the customary way of delivering the goods to a carrier to be transported to Vermont. The contract sued on, contemplated and involved an interstate shipment. The character of interstate commerce attached to the goods the moment they were so delivered for transportation. *Coe* v. *Errol,* 116 U. S. 517, 29 L. ed. 715, 6 Sup. Ct. 475; *General Oil Co.* v. *Crain,* 209 U. S. 211, 52 L. ed. 754, 28 Sup. Ct. 475; *Savage* v. *Jones,* 225 U. S. 501, 56 L. ed. 1182, 32 Sup. Ct. 715; *Heyman* v. *Hays,* 236 U. S. 178, 59 L. ed. 527, 35 Sup. Ct. 403.

It follows that the statute has no application and the suit is maintainable. *Livingston Mfg. Co.* v. *Rizzi,* 86 Vt. 419, 85 Atl. 912; *Sioux Remedy Co.* v. *Cope,* 235 U. S. 197, 59 L. ed. 193, 35 Sup. Ct. 57.          *Judgment affirmed.*