15 N.J. Super. 600 (1951)
83 A.2d 807
CHARLES H. SCHLICHTING, PLAINTIFF,
v.
MYRTLE E. WINTER AND GEORGE P. WINTER, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 10, 1951.
*601 Mr. Joseph H. Gaudielle, attorney for plaintiff.
Mr. Sydney Cohn, attorney for defendants.
GRIMSHAW, J.S.C.
The complaint in this case was filed to enjoin an alleged violation of a building line restriction. The matter is presently before me on an application for an interlocutory injunction.
The plots owned by the parties plaintiff and defendant were originally part of a large tract owned by Edward Stagg and Cornelius Christie. Streets were built through the tract and it was laid out in building lots. A map of the development, entitled "Map of Villa Sites at Leonia, Bergen Co., N.J. 1892 J.H. Serviss, C.E." was filed in the Bergen County Clerk's office. Sixty-six building lots were depicted upon the map. The lots were sold with varying setback restrictions depending upon the location of the particular plots. All of the conveyances of lots in the development contained restrictions of similar tenor save as to the setback required.
Defendant's property is an irregular plot on the southwesterly corner of Broad and Park Avenues. It extends 136.6 feet along the southwesterly line of Park Avenue and 203 feet along the northwesterly line of Broad Avenue. This plot is part of lots 35, 36, 37 and 38 on the Serviss map.
Plaintiff's property is located on the southwesterly side of Park Avenue immediately adjoining the property of the defendant on the northwest. The lot is 50 feet in width on Park Avenue and approximately 150 feet in depth. It is also known as part of lots 35, 36, 37 and 39 on the Serviss map.
The property of the defendant and the easterly 25 feet of plaintiff's property originally were a portion of a plot which was conveyed by Stagg and Christie to one Martin J. Pendergast. The deed to Pendergast contained the following restriction:
"That the said party of the second part, his heirs and assigns, shall not at any time hereafter conduct, carry on or maintain, or *602 cause or permit to be conducted, carried on or maintained on said premises or any part thereof, any trade, employment, business or establishment of a noxious, offensive or dangerous character, including the business of any factory, or smith shop of such a character, or any liquor store or saloon, or any livery stable, and shall not erect or place or cause or permit to be erected or placed on said premises any barn, stable or other outbuilding to stand less than 125 feet from the street line of said premises or any dwelling house to stand less than 35 feet from the front or street line of said premises, or to be worth less than $4,500: and it is expressly understood and agreed that the said several covenants on the part of the said party of the second part above specified shall attach to and run with the land, and it shall be lawful not only for the said party of the first part, his heirs and assigns, but also for the owner or owners of any lot or lots included in the above mentioned map to institute and prosecute any proceeding at law or in equity against the person or persons violating or attempting or threatening to violate the same; it being understood, however, that this covenant is not to be enforced personally for damages against the said party of the second part, his heirs or assigns, unless he or they be the owner or owners of the said premises or of some part thereof at the time of the violation of said covenant, or the threatened or attempted violation thereof, but the said covenant may be proceeded on for an injunction of and for a specific execution thereof against the said party of the second part, his heirs or assigns and for damages against the party or parties violating the said covenant, his or their heirs, executors, administrators or assigns."
Defendant's property was conveyed by Pendergast some time prior to May 1, 1926. The property owned by the plaintiff was conveyed to him by the executor of Martin J. Pendergast on April 13, 1946. The conveyances to both parties were made subject to the restrictive covenant quoted above. It seems plain, therefore, that plaintiff as a subsequent grantee may enforce the covenant against the defendant. Leaver v. Gorman, 73 N.J. Eq. 129 (Ch. 1907); Clarke v. Kurtz, 123 N.J. Eq. 174 (E. & A. 1937).
Defendant, until restrained, was in the process of erecting a house on that portion of her lot which is on the corner of Broad and Park Avenues. The foundation has already been laid. One portion of the foundation is 25 feet from Broad Avenue and another is 31 feet from the street line. The Park Avenue side of the foundation is 14 feet from the street line. *603 It is the erection of this contemplated building which plaintiff seeks to prevent.
In laying the foundation for the contemplated house defendant has violated the covenant restriction in so far as the Broad Avenue setback is concerned. She contends, however, that the restriction does not require of her any setback so far as the Park Avenue side of the building is concerned. The decisions, however, do not support such a contention. In Waters v. Collins, 70 A. 984 (Ch. 1895), affirmed without opinion by the Court of Errors and Appeals, it was held that a restriction against the erection of a building within 20 feet of the front or street line of the property, included, in the case of a corner lot, the line of the street at the side of the lot as well as the line of the street on which the lot fronted. To the same effect are Chelsea Land and Improvement Co. v. Adams, 71 N.J. Eq. 771 (Ch. 1906) and Winslow v. Newcomb, 87 N.J. Eq. 480 (Ch. 1917).
On the proofs before me plaintiff's right to relief is clear. The motion for an interlocutory injunction will be granted.