## A. and W. Artesian Well Co. v. Salvatore W. Tornabene et al

[ 207 A.2d 140 ]

December Term, 1964

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed February 2, 1965

*Sennett and Sennett* for plaintiff.

*George M. Fienberg* for defendants.

**Smith, J.** The plaintiff, a Rhode Island Corporation, brought an action in contract against the defendants in the Bennington County Court for the digging of a well on the defendant's premises pursuant to a contract between the parties. The case was heard by the court, without jury; findings of fact were made, and judgment was entered for the plaintiff. Defendant has appealed here from the judgment below.

While several questions are presented here by the briefs submitted, the vital question before us is whether or not the plaintiff, a foreign corporation, not registered to do business in Vermont under the statutes, is entitled to bring an action against Vermont residents, upon a contract made in Vermont, in a Vermont court, once such contract is fully executed.

The defendent first sought to raise the question by a motion to dismiss made at the end of all the evidence in the hearing below, which motion was denied. For the reason that such motion was premature, having been made before findings of fact were filed, its denial is not before us. *N. E. Road Machinery Co.* v. *Calkins,* 121 Vt. 118, 122-123, 149 A.2d 734.

However, the findings of fact are that the plaintiff is a foreign corporation doing business in Vermont, and that the contract, which is the subject of this action, was made and performed in Vermont, and that the plaintiff "did not qualify to do business in Vermont as a foreign corporation and that a certificate of authority has never been issued to the said corporation to transact business in Vermont."

On appeal, the question before us on an exception to the judgment is whether the judgment order is supported by the findings of fact. *Neverett* v. *Towne,* 123 Vt. 45, 53, 179 A.2d 583; *DeGoesbriand Hospital* v. *Alburg,* 122 Vt. 275, 169 A.2d 360.

The certificate of authority, which the findings disclose the defendant did not possess, is provided for in 11 V.S.A. §764, and is entitled "Unenforceable contracts." This section of the Foreign Corporation law reads as follows:

"A foreign corporation shall not maintain an action in this state upon a contract made by it in this state if, at the time of making such contract, it was doing business in this state without lawful authority. This prohibition shall also apply to an assignee of such foreign corporation, and to a person claiming under such

assignee or such corporation except a domestic receiver of such corporation. But this prohibition shall not apply to any contract made prior to January 31, 1903."

The "lawful authority" referred to in 11 V.S.A. §764 required by a foreign corporation to do business in this state is that furnished by a "certificate of authority" from the commissioner of foreign corporations to a foreign corporation under 11 V.S.A. §691 :

"Except as otherwise provided, a foreign corporation shall not do business in this state until it has received a certificate of authority from the commissioner of foreign corporations."

The requirements with which the foreign corporation must comply to receive such certificate are set forth in 11 V.S.A. §692. The applying corporation must furnish a copy of its articles of incorporation to the commissioner. It must also file affidavits setting forth its assets and its indebtedness in considerable detail, as well as the names of its directors, the type of business which it proposes to carry on in Vermont, and the proposed location of its Vermont office. Further, it must stipulate that the secretary of state shall be its attorney for the service of process in any action or proceedings brought against it in this state, as well as its agent for the service of notices relating to taxation against it under the laws of this state. ·

No problem is presented in ascertaining the legislative intent requiring a foreign corporation to obtain a certificate of authority to do business in this state. The furnishing of the data relative to such corporation's corporate standing, and its financial standing, is so that residents of this state may have obtainable to them the same information on such foreign corporation's business responsibility as is available to such residents on the stability of domestic corporations under our corporation laws, before contracting with it.

The requirement that the foreign corporation appoint the secretary of state as its process agent assures Vermont residents contracting with such corporation a redress in Vermont courts for any wrong suffered thereby. It also assures that the State of Vermont can collect any taxes lawfully due it as a result of the business done here by the foreign corporation.

The legislative intent may be summed up to be that a foreign corporation complying with all the requirements of law relative to its

doing business in this state shall be as amenable to the laws of this state, and is duty bound to obey them as though it were a domestic corporation. *In re Consolidated Rendering Co.,* 80 Vt. 55, 78, 66 Atl. 790, 207 U.S. 541.

The legislative intent is also clear and plain, by virtue of 11 V.S.A. §764, that a foreign corporation doing business in this state, but unwilling to place itself in the position of being amenable to the laws of this state, cannot use the courts of the state to institute an action on a contract made here by it.

Harsh as this bar to enforcement of its contract rights by a foreign corporation may seem to be, it can only arise by reason of such corporation's own volition. If such foreign corporation chooses to do business in this state without affording the protection to both the State, as well as to those with whom it contracts, as it is required to do by the statute, by the same choice it has foregone the enforcement of its contractual rights in the Vermont court.

It cannot be said that the purpose of these statutes is to unjustly enrich one with whom the foreign corporation has contracted. Such person is given no right to bar suit against him. It is only the corporation itself, through its failure or refusal to accept the statutory requirements that can bring into effect the bar against its enforcement in court of its contractual rights.

■ We now must consider plaintiff's contention that all of what we have just said may apply to non-complying foreign corporations attempting to enforce an executory contract in this State, but is not applicable to an action brought by such corporation on a contract fully executed, as here. Plaintiff cites to us the case of *Roberts et al* v. *Hughes Co. et al,* 86 Vt. 76, 83 Atl. 807, in support of its argument that the bar found in 11 V.S.A. §764 is not applicable to its suit here on a completed contract.

The language of this Court in Hughes, upon which plaintiff's position is taken, is "The orator's brief treats the transaction between Hughes and the Company as an executed contract, as it evidently is; and it is held that a prohibition of this character will not prevent the corporation from maintaining or defending suits to protect its rights under a contract fully executed."

In Hughes, contrary to the present case before us, the non-conforming foreign corporation was a defendant in the action there brought.

The question presented was whether a foreign corporation which is prohibited from maintaining a suit may defend one brought against it. The Court then plainly stated: "Our statute prevents the enforcement of the contract, but does not declare the contract void." *Roberts et al* v. *Hughes Co. et al, supra,* p. 87. It is the enforcement of a contract that the corporate plaintiff seeks here and this the statute prevents, as was held in Hughes.

The lower court, having found that the plaintiff foreign corporation doing business in Vermont did not possess the certificate of authority required by the statute for it to transact business in Vermont, lacked the necessary support in its findings of fact for us to affirm its judgment here. For the reason that the judgment below must be reversed, no consideration is necessary of other exceptions briefed by the defendant. The entry is *"Judgment reversed and the cause dismissed."*