# Redd Distributing Co., Inc. v. Donald H. Bruckner

[270 A.2d 580]

No. 140-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed September 10, 1970

636

Bloomer & Bloomer, Rutland, for Plaintiff.

French & Miller, Rutland, for Defendant.

Smith, J. This is an action in trover. The plaintiff, a Massachusetts corporation, not licensed to do business in the State of Vermont, but engaged in interstate commerce, complains that the defendant unlawfully converted to his own use one Wurlitzer 2910 model phonograph and one remote volume control, owned by the plaintiff, and has wrongfully detained the same from the plaintiff. Trial was held by court, in the Rutland County Court on September 10, 1969; findings of fact were made by the court and judgment was entered in favor of the defendant, together with his taxable costs. The plaintiff has duly brought his appeal here.

The phonograph, perhaps more popularly known as a "juke box", was owned by the plaintiff Massachusetts corporation. On March 8, 1966, the defendant restaurant owner, of Wallingford, Vermont, purchased the phonograph from the plaintiff, agreeing to pay therefor the sum of $1395.00. On the above date, the defendant executed and delivered to the plaintiff a so-called Conditional Sales Note. This note was for the principal sum of $1,344.00, consisting of $1,200 balance of purchase price, plus a service charge of $144.00. Said note was payable in monthly installments of $56.00 for 24 consecutive months.

The defendant made the monthly installment payments required by the Conditional Sales Note from the months of April, May, June, July, August and September, 1966, totalling $336.00, and at the time of purchase of the machine the defendant paid the plaintiff $195.00.

After about two weeks of operation, the machine, which was a secondhand one, began to malfunction. Defendant notified the plaintiff in Massachusetts of such condition, and a Mr. Sleeman, of Burlington, Vermont, who had delivered the machine, attempted to repair it, but without success. Plaintiff paid Sleeman for servicing the machine.

After the plaintiff had accepted the conditional sales contract in Massachusetts, it assigned the note signed by the defendant to the Congress Financial Corporation, but such note was subsequently reassigned to the plaintiff.

After the payment of September 15 installment, the defendant, because of the failure of the machine to operate, ceased to make any further payments to the plaintiff on the Conditional Sales Contract.

In March, 1967, the payments on the machine being in default, the plaintiff placed the note in the hands of a deputy sheriff, with instructions to repossess the machine. Upon demanding the machine at the place of business of the defendant, the sheriff was refused taking of the machine by the wife of the defendant, the defendant, himself, being absent at the time. In the hearing below, the defendant testified that he would not allow the officer to repossess the machine in any event, and the lower court found that any further demand by the sheriff would have been futile.

The factual situation above stated is a summary of the findings of fact made by the court below to which no exceptions were taken by the defendant.

It is the contention of the plaintiff in this Court that the findings of fact made below do not support the judgment in favor of the defendant. The defendant seeks to sustain the judgment on the ground that the conditional sales contract was an unenforceable contract by virtue of 11 V.S.A. Sec. 764.

> "A foreign corporation shall not maintain an action in this state upon a contract made by it in this state if, at the time of making such contract, it was doing business in this state without lawful authority . . . ."

Defendant cites in support of its assertion *A & W Well Co.* v. *Tornabene et al.,* 124 Vt. 413, at p. 416, 207 A.2d 140:

> "If such foreign corporation chooses to do business as in this state without affording the protection to both the State, as well as to those with whom it contracts, as it is required to do by the statute, by the same choice it has foregone the enforcement of its contractual rights in the Vermont court."

But *A & W Artesian Well Co.* v. *Tornabene, supra,* p. 417, also states:

> "Our statute prevents the enforcement of the contract, but does not declare the contract void."

■■ The breach of the conditional sales agreement by the defendant constituted an effective transfer of title to the plaintiff. And the courts of this state will protect that security interest for it does not come with the prohibition of 11 V.S.A. Sec. 764. *Roberts* v. *Hughes,* 86 Vt. 76, 86, 83 A.2d 807. The findings of fact fail to bring the plaintiff's business activity in Vermont within the statute as construed in *A & W Well Co.* v. *Tornabene, supra.*

■■ The undisputed findings of fact in the case state that the plaintiff was engaged in interstate commerce. There is no finding but that this contract with the defendant, which was accepted by the plaintiff in Massachusetts, was an isolated commercial transaction in Vermont, merely incidental to the interstate element of the business of the plaintiff. Under the doctrine as laid down in *Kinnear* v. *Miner,* 89 Vt. 572, 96 A.2d 333; the transaction was beyond the reach of 11 V.S.A. Sec. 764. We further note that this cause now before us is in tort, for the conversion of a chattel, title to which remained in the plaintiff, and not an action upon a contract, and under the provisions of 11 V.S.A. Sec. 764, it is an action upon a contract made in this state that is forbidden to be maintained by a foreign corporation doing business in this state without lawful authority.

The defendant also briefs the point that plaintiff would not be entitled to a judgment founded on conversion because there was no evidence of any lawful demand made upon the defend-

ant and because there was no evidence of the value of the phonograph at the time of the alleged conversion. The record before us does show that the sheriff who sought to take possession of the machine made such request only to the wife of the defendant, which was not a demand upon the defendant. However, the defendant testified that he would not allow the officer to repossess the machine. Further, it was the finding of the lower court, unexcepted to, that "further demand would be futile."

■ A demand and refusal are not essential to a conversion where it is clear that a demand would have been useless or unavailing, if it had been made. *Simmonds* v. *Bishop*, 109 Vt. 343, 196 A.2d 754.

■ If judgment had been entered for the plaintiff below the lower court could have awarded damages in the amount of $1,231.00, the balance due from the defendant to the plaintiff under the law as set forth in *Vermont Evaporator Co.* v. *Taft*, 107 Vt. 400, 402, 181 A.2d 100. But in view of the findings that the phonograph was a secondhand machine, and was subject to mechanical trouble, we believe that the doctrine set forth in *Hassam* v. *Safford Lumber Co. and Safford*, 82 Vt. 444, 455, 74 A.2d 197, that the measure of damages in an action of trover is the value of the thing converted at the time and place of conversion would have been more applicable. Upon such value the lower court was unable to make a finding because no evidence was presented below on this question.

■ The findings of fact made by the lower court, establish that a judgment should have been entered for the plaintiff based upon the action in trover. The findings made clear that the phonograph was the property of the plaintiff, and that its possession was withheld from the plaintiff by the defendant who continued to exercise dominion over such machine under a claim inconsistent with the rights of the plaintiff. Conversion consists in either appropriating property to one's own use and beneficial enjoyment, destroying or exercising dominion over it to the exclusion of owner's rights, or withholding possession from owner under claim of title inconsistent with his title. *Economou* v. *Carpenter*, 124 Vt. 451, 453, 454, 207 A.2d 241.

█ The findings of fact made ·by the lower court establish that the plaintiff was entitled to judgment below. The findings also make clear that the lower court did not grant such judgment for the plaintiff for the reason that no evidence was presented establishing the value of the chattel at the time of the conversion, which under *Eastman* v. *Jacobs*, 104 Vt. 536, 539, 162 A.2d 382, was held by this Court to be the general rule of damages in a case of conversion. However,.in *Vermont Evaporator Co.* v. *Taft, supra,* this Court held that the amount unpaid on the lien note was· *prima facie* evidence of the value of the property at the time of conversion, and would have been sufficient to sustain a judgment for the plaintiff in this case.

█ Based upon the pleadings and the findings of fact made by the court below, and in view of what has been said above, it is necessary for us to reverse the judgment for the defendant. We could, under the doctrine set forth in *Smead* v. *Sutherland,* 118 Vt. 361, at p. 367, 111 A.2d 335, enter full judgment for the plaintiff here. However, the findings of fact establish that the machine was defective at the time of the conversion, and, as the lower court found, no evidence was offered as to the actual value of the chattel in its then condition when it was converted. Under these circumstances we do not believe that justice would be accomplished by allowing the plaintiff the unpaid balance of its note as damages, which may well have been the viewpoint of the lower court.

Therefore, in line with our discretionary authority to remand in a manner to prevent a failure of justice, we make the following entry order:

*"Judgment for defendant reversed. Judgment for plaintiff is entered only upon the liability of the defendant for the conversion of the phonograph. The cause is remanded for a hearing on the matter of damages only."*

NOTE: Upon the allowance of reargument in this case, the opinion was recalled and certain changes were made in the contents thereof. However, no change was made in the entry order and judgment.