**JERENE ENTERPRISES, INC.**

v.

**BURLINGTON HOUSING AUTHORITY et al.**

**Civ. A. No. 6706.**

United States District Court,
D. Vermont.

July 10, 1973.

Joseph C. Palmisano, Barre, Vt., and Emanuel Lewis Greene, New York, N. Y., for plaintiff.

Ewing & Spokes, and James M. Farrell, Burlington, for Burlington Housing Authority.

Latham, Eastman & Tetzlaff, Burlington, for Henry P. Albarelli.

## MEMORANDUM AND ORDER

HOLDEN, Chief Judge.

The plaintiff, a New York corporation, seeks to maintain this action to recover the balance due from the defendant on a completed construction contract signed by the parties November 4, 1969. The action was met by a motion to dismiss filed by the defendant Burlington Housing Authority for lack of jurisdiction on the premise that on the date the contract was signed the plaintiff was not authorized to do business in Vermont and is foreclosed from maintaining the action by the provision of 11 V.S.A. § 2120(a). This statute, as with its predecessor, 11 V.S.A. § 764 [see 1969, No. 286 (Adj.Sess.), § 2, ratified 1971, No. 51, § 19, eff. July 1, 1971] provides:

§ 2120. *Unenforceable contracts*

(a) A foreign corporation shall not maintain an action in this state upon a contract made by it in this state if, at the time of making such contract, it was doing business in this state without lawful authority. This prohibition shall also apply to an assignee of such foreign corporation, and to a person claiming under such assignee or such corporation except a domestic receiver of such foreign corporation. But this prohibition shall not apply to any contract made prior to January 31, 1903.

The record establishes that on the day of the signing of the construction contract the plaintiff had not complied with the provisions of 11 V.S.A. §§ 691–699, which governed the procurement of a certificate of authority for a foreign corporation to do business in Vermont. However, such a certificate was obtained on November 28, 1969. This was before the performance bonds required by the contract had been approved and before the plaintiff had received authorization to commence performance indicated in the "Notice to Proceed" signed by the Executive Director of the Burlington Housing Authority, dated December 8, 1969.

The defendants' motion for dismissal is founded on the proposition that the very signing of the contract constitutes "doing business" in Vermont within the definition set forth in 11 V.S.A. § 652(a) [now 11 V.S.A. § 2101(a)].

**1382**

This section provides:

§ 652. *"Doing business" defined*

(a) Except as otherwise provided "doing business" shall mean and include each and every act, power or privilege exercised or enjoyed in this state by a foreign corporation except the mere ownership of real property which is not producing any income, or which is not used in the performance of a corporate function.

It is on this footing that the defendant HUD contends the action is barred under the corporation law of Vermont, citing A. and W. Artesian Well Co. v. Tornabene, 124 Vt. 413, 207 A.2d 140 (1964). This decision does not undercut as deeply as the defendant would have it.

In *Tornabene* the contract had been fully performed and the action commenced without statutory compliance. Certainly the complete performance of the well drilling contract was "doing business" within the definition of the statute. But the mere signing of the agreement before work is started is not within the reach of the *Tornabene* case. The signing was merely preparatory to the commencement of doing business. And before that day arrived the necessary authorization certificate had issued.

It is noteworthy that the Supreme Court of Vermont has refused to extend the severe impact of the *Tornabene* decision beyond its particular facts. See Redd Distributing Co., Inc. v. Bruckner, 128 Vt. 635, 638, 270 A.2d 580. In so doing the court confirmed its faith in its earlier and less restrictive decisions in

Kinnear v. Miner, 89 Vt. 572, 96 A. 333 (1916) and Roberts v. Hughes, 86 Vt. 76, 83 A. 807 (1912).[1]

Defendants' motion to dismiss is denied.

---

[1]. There is another point, although not raised, which deserves mention. 11 V.S.A. § 655, in effect when the contract in suit was written might be called upon to save the contract in suit from the barrier sought to be erected by the defendant. This section provides:

> Nothing in the chapter shall be construed to apply to any business done in this state by any foreign corporation having authority to do such business in this state under the constitution and laws of the United States, regardless of the will of this state.

Since the contract was executed and performed under the Federal Housing and Urban Development Act, it may well be that the saving clause in § 655 protects the present action, but in the context of this motion consideration of this point is not necessary.