JOSEPH WHITEHEAD

*v.*

HAMILTON RUBBER COMPANY.

1. The statute respecting oaths which directs that "when any oath required to be taken in any suit or legal proceeding in this state or for any lawful purpose whatever * * * when taken out of this state may be taken before any notary public of the state, territory, nation, kingdom or country in which the same shall be taken, or before any officer who may be authorized by the laws of this state to take the acknowledgment of deeds in such state, territory, nation, kingdom or country and a recital that he is such notary or officer in the jurat or certificate of such oath, affirmation or affidavit and his official designation annexed to his signature and attested under his official seal will be sufficient proof that the person before whom the same is taken is such notary or officer," is not complied with in the absence of a substantial certification by the notary that he is such notary public, as well as to affix his official designation to the signature of his name and also annex thereto his official seal.

2. An imperfection in the jurat to an affidavit which is required to be annexed to a chattel mortgage does not render it ineffectual as notice, according to the provisions of our registration laws, when it is acknowledged as deeds of conveyance of real estate are required to be acknowledged and recorded.

3. When the affidavit required by the statute is sufficient in substance and there is lack of form as to the certification required by the stature, the court will not hesitate to allow such extraneous proof as would supply the deficiency, where it does not appear that any injustice will be done, and especially where it is manifest that the rights of those dependent upon such affidavit will otherwise be absolutely lost.

On petition of appeal, by Anna W. Baird, from the determination of the receiver.

*Mr. Edwin Robert Walker,* for the petitioner.

*Mr. James Buchanan,* for the receiver.

BIRD, V. C.

Two questions are presented in this case for determination— *first,* whether or not the certificate of the notary public, who is

purported to have taken the affidavit of Mrs. Baird to the chattel mortgage under which she claims, is in compliance with the law or not; and, *secondly*, if not, whether or not the petitioner may offer proof to show that he was such notary at the time of taking the affidavit. The language of the jurat is as follows: "Sworn and subscribed before me this 8th of May, 1891. Alex. Ramsey, Notary Public."

It is insisted upon the part of the receiver that this is materially defective. The language of the statute respecting oaths or affirmations is that .

"when any oath required to be taken in any suit or legal proceeding in this state or for any lawful purpose whatever * * * when taken out of this state may be taken before any notary public of the state, territory, nation, kingdom or country in which the same shall be taken, or before any officer who may be authorized by the laws of this state to take the acknowledgment of deeds in such state, territory, nation, kingdom or country and a recital that he is such notary or officer in the jurat or certificate of such oath, affirmation or affidavit and his official designation annexed to his signature and attested under his official seal, shall be sufficient proof that the person before whom the same is taken is such notary or officer."

From this it appears that the statute imposes upon the notary himself the duty of certifying to his own official character. But in order to make this complete three things are essential—*first*, he must certify to his official character; *second*, he must sign the same and annex thereto his official designation; and, *third*, these things must be attested under his official seal. In the case I have to deal with the first of these is wanting. There is no pretence whatever of any certification of his official character. The second requisite has been complied with, the signature being followed with the words "notary public," which I regard as a complete designation of his official character. To all of which is affixed his official seal by clear and distinct impression. It seem to have been the purpose of the legislature to specifically require these three things to be made manifest upon the face of the instrument itself, and this doubtless arose from the considera-tion that this very important feature of it was submitted to the officer himself instead of requiring proof of that fact from other

sources. I do not suppose that so plain a provision of the statute can be dispensed with by the court. I think this view is sustained by the opinion of Mr. Justice Depue. See *Minford* v. *Taylor, 12 N. J. L. J. 282.*

The admission of this instrument, when offered in evidence, was objected to because of the defect named. Upon the argument it was insisted that if this objection should appear to be well taken, then the petitioner should be permitted to show by proof *aliunde* that the person who administered the oath and who signed his name to the jurat was at the time a notary public. To allow such an amendment of the jurat would not be in violation of any known principle of law or equity, especially since it does not appear that any injustice would result therefrom in consequence of any creditor of the defendant corporation having in any wise been misled by the imperfection named. It is not the record of the instrument that is objected to, but the instrument itself. It is more than probable that the character of the affidavit or of the jurat annexed thereto is in no wise of importance in considering the validity of a chattel mortgage when offered for record. The only requisite, perhaps, in that particular is provided in the sixth section, which makes it the duty of every clerk or registrar to record chattel mortgages when they are acknowledged or proved as deeds of conveyances of real estate are required to be acknowledged or proved. The instrument having been recorded after having been acknowledged in a manner unexceptionable, the court is bound to give it all the efficacy as to notice intended by the statute. It cannot be contended, therefore, that the record was ineffectual to work such notice.

An imperfection in such an instrument, to be fatal to its admissibility as evidence, must be in matter of substance and not of form, which is susceptible of amendment.

I am aware that there are substantial reasons for refusing amendments or extraneous evidence in support of such defective proof, and that such reasons are supported by high judicial authority.

In the case of *State* v. *Green, 3 Gr. 90,* the court said: "An

affidavit when offered to be read in evidence, must appear upon the face of it to be what an affidavit ought to be, to entitle it to be read.    It must appear to have been taken before the proper officer and in compliance with all legal·requirements. The court cannot stop to inquire into the competency of the officer or the place where it was taken."    In that very case, however, the court allowed other proof to establish the fact that surveyors of the highways had been duly sworn.    When the objection to the imperfection of the original affidavits was presented, the proof by which the objection was sought to be overcome was at hand and offered, and was deemed sufficient to cure the defect.

In *Westerfield* v. *Bried, 11 C. E. Gr. 359*, it was held that an answer, to which was affixed an affidavit without the signature of the master to the jurat, could not be regarded as an answer. The question involved here was not only one of the sufficiency of proof resulting from an answer under oath, but one of pleading also.    The bill required an answer under oath, and the court could not deal with it as an answer in the absence of the affidavit required.

In the case of *Capner* v. *Flemington Mining Co., 2 Gr. Ch. 468*, a bill was filed asking for an injunction, to which was attached an affidavit signed by the complainant, but without the signature of the master to the jurat.    The court said : "Such an omission should not vitiate the injunction, if the bill was actually sworn to, as was the fact.    It was an omission of the court, but one which could not affect the interests of the defendants."

In *Dinsmore* v. *Westcott, 10 C. E. Gr. 302*, upon a bill filed to foreclose a mortgage, it was held : "A defect in the affidavit of mailing a copy of the notice to an absent defendant, in not showing that the place to which it was directed was the defendant's post-office address, may be remedied by supplying the proof by way of amendment."

In *Den* v. *Applegate, 7 Halst. 322*, the court said : "An affidavit of the service of a declaration which states that the declaration was served on the daughter of the tenant but does not show that

such service was made on the premises in question is insufficient. Such an affidavit may be amended."

In such case if an affidavit has in fact been properly sworn to there can be no doubt but that perjury could be assigned thereupon for any willfully false statements. Upon this, however, a doubt was significantly expressed by the court in the case of *State* v. *Browning, 3 Dutch. 535, 536.* In the jurat the justice said that certain trustees were sworn or affirmed. I cannot but with the greatest respect submit that what the justice of the peace certified to in the jurat could not in any wise vary, mitigate or annul what was actually said by the affiants. Should it be made to appear upon indictment for perjury that one had actually been sworn and the others affirmed, or the contrary, and that their statements were willfully false, it would be impossible to escape conviction. This very rational view was taken in the case of *Capner* v. *Flemington Mining Co., supra.* The court said: "Perjury could have been assigned upon the affidavit if the facts were untrue."

When the affidavit required by the statute is sufficient in substance and there is lack of form as to certification required by the statute, the court should not hesitate to allow such extraneous proof as would supply the deficiency where it does not appear that any injustice will be done, and especially where it is manifest that the rights of those which depend upon such affidavit will otherwise be absolutely lost. In the case of *State* v. *Green, supra,* it was remarked that the court could not stop to look into such matters. This court, in its desire to protect and enforce the rights and interests of every suitor, whether plaintiff or defendant, does in its discretion continue causes from time to time in order that it may be satisfied that in its determination it has not been guilty of violence. At the same time the court is ever watchful in discouraging all appearances of neglect or indifference upon the part of suitors or their counsel.