### W. H. LUTES COMPANY v. A. L. WYSONG and Another.[1]

January 25, 1907.

Nos. 15,050—(190).

**Foreign Corporation in Domestic Business.**

    A single isolated transaction, such as the sale and delivery of a machine by a foreign corporation to a person within the state, is not doing business within the state within the meaning of chapters 69 and 70, Laws 1899 (R. L. 1905, §§ 2888–2890).

Action in the district court for Blue Earth county to recover $610 for goods sold and delivered. The answer admitted the sale and delivery of the goods, and alleged that plaintiff had not complied with the statutes mentioned in the opinion. The case was tried before Lorin Cray, J., who directed a verdict in favor of plaintiff. From an order denying a new trial, defendants appealed. Affirmed.

*Plymat & Plymat,* for appellants.

*Henry W. Volk,* for respondent.

[1]Reported in 110 N. W. 367.

ELLIOTT, J..

In an action to recover the contract price of merchandise sold and delivered, the court directed a verdict in favor of the plaintiff, and from an order denying a motion for a new trial the defendants appealed to this court.

The plaintiff was an Illinois corporation, engaged in the business of selling laundry machinery. The defendants were partners, engaged in the laundry business in the city of Mankato, Minnesota. Some time during the month of November, 1904, the defendants wrote to the plaintiff with reference to the purchase of certain machinery, and in response thereto W. H. Lutes, the president of the plaintiff company, went to Mankato and there took the defendants' order for the purchase of the machinery. After the approval of the order in Chicago, the machinery was shipped and delivered to the defendants at Mankato, and, the contract purchase price not being paid, this action was brought for the recovery of the same. The plaintiff was a foreign corporation, and had not at the time of the transactions in question complied with the requirements of chapters 69 and 70, pp. 68, 71, of the Laws of 1899 (R. L. 1905, §§ 2888–2890).

Several questions are raised upon the record, but we find it only necessary to determine whether the respondent "was doing business" in Minnesota within the meaning of the statute. The sale of the machinery in question was a single isolated transaction. The corporation had no place of business and no agent in the state. As far as disclosed by the record, this was the only business it had done or contemplated doing in the state. The facts do not bring the case within the rule applied in G. Heileman Brewing Co. v. Peimeisl, 85 Minn. 121, 88 N. W. 441. The authorities with practical unanimity are to the effect that an isolated transaction, commercial or otherwise, between a foreign corporation domiciled in one state and a citizen of another state is not a doing or carrying on of business by the foreign corporation within the latter state. Cooper Mnfg. Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739, 28 L. Ed. 1137; Caldwell v. North Carolina, 187 U. S. 622, 23 Sup. Ct. 229, 47 L. Ed. 336; Kilgore v. Smith, 122 Pa. 48, 15 Atl. 698; W. B. Mearshon & Co. v. Pottsville, 187 Pa. 12, 40 Atl. 1019, 67 Am. St. 560; Delaware v. Bethlehem, 204 Pa. 22, 53 Atl. 533; D. S. Morgan & Co. v. White, 101 Ind. 413; Ware

Cattle Co. v. Anderson, 107 Iowa, 231, 77 N. W. 1026; Meddis v. Kenney, 176 Mo. 200, 75 S. W. 633, 98 Am. St. 496; Delaware v. Mahlenbrock, 63 N. J. L. 281, 43 Atl. 978; Henry v. Simanton, 64 N. J. Eq. 572, 54 Atl. 153; Keene v. Lawrence, 32 Wash. 572, 73 Pac. 680; Milan v. Gorten, 93 Tenn. 590, 27 S. W. 971, 26 L. R. A. 135; Colorado v. Sierra, 15 Colo. 499, 25 Pac. 325, 22 Am. St. 433; Miller v. Williams, 27 Colo. 34, 59 Pac. 740; Florsheim v. Lester, 60 Ark. 120, 29 S. W. 34, 27 L. R. A. 505, 46 Am. St. 162; State v. Robb-Lawrence Co. (N. D.) 106 N. W. 406; Penn Collieries Co. v. McKeever, 93 App. Div. 303, 87 N. Y. Supp. 869; Commercial v. Sherman, 28 Ore. 573, 43 Pac. 658, 52 Am. St. 811; Ammons v. Brunswick-Balke Collender Co., 5 Ind. T. 636, 82 S. W. 937; Oakland Sugar Mill Co. v. Fred W. Wolf Co., 118 Fed. 239, 55 C. C. A. 93; Frawley v. Pennsylvania Casualty Co. (C. C.) 124 Fed. 259.

Contrary, John Deere Plow Co. v. Wyland, 69 Kan. 255, 76 Pac. 863; Dundee v. Nixon, 95 Ala. 319, 10 South. 311; Chattanooga Nat. Bldg. & Loan Assn. v. Denson, 189 U. S. 408, 23 Sup. Ct. 630, 47 L. Ed. 870 (under Alabama statute); 3 Current Law, p. 1457.

As the respondent was not doing business in the state within the meaning of the statute, it could maintain the action, and a verdict was properly directed in its favor.

The order from which the appeal was taken is therefore affirmed.