## PALM VACUUM CLEANER COMPANY v. B. F. BJORNSTAD AND ANOTHER.[1]

February 2, 1917.

Nos. 20,152—(239).

**Commerce — contract of foreign corporation unenforceable.**

A contract by a foreign corporation, which has not complied with the laws of this state so as to entitle it to transact its business therein, for the sale and shipment to a resident of this state of a certain machine, coupled with an agreement to install the same in a building of the purchaser in this state, is not protected as an interstate commerce transaction, for the agreement for the installation of the machine, not

[1] Reported in 161 N. W. 215.

being a necessary or an essential part of the contract of sale, requires the doing of business in this state, and renders the whole contract unenforceable in the courts of this state.

Action in the district court for Ramsey county to foreclose a mechanic's lien. The facts found by the trial court are stated in the opinion. The case was tried before Dickson, J., who made findings and ordered a foreclosure of the lien by sale of the premises described in the complaint. From an order denying their motion for a new trial, defendants appealed. Reversed.

*James Schoonmaker* and *William F. Hunt,* for appellants.
*James C. Melville,* for respondent.

BROWN, C. J.

The facts in this case as found by the trial court are substantially as follows:

Plaintiff is a corporation organized and existing under the laws of the state of Michigan, and its general place of business at Detroit in that state. The corporation has never complied with the laws of this state (G. S. 1913, §§ 6206, 6207), and was not at the time here in question entitled to transact business, nor had it at any time kept or maintained an office or place of business therein. Plaintiff's business is that of a manufacturer of vacuum cleaners; machines operated by electricity and designed for cleansing living rooms of dust and germs by means of air suction. On May 21, 1914, through an agent then in Minnesota, plaintiff entered into a contract with defendant B. F. Bjornstad, under which it agreed to sell and deliver from its place of business in Detroit, Michigan, to an apartment building owned by defendant Julius Bjornstad in the city of St. Paul, this state, one of its vacuum-cleaning machines, and to install the same in said building, for the consideration of $850; plaintiff to pay all delivery charges and the cost of installation in the building, and to turn it over complete and ready for operation. The machine was thereafter shipped to defendants and fully installed in the building in compliance with the contract. The contract was made with defendant B. F. Bjornstad, but with the knowledge and consent of defendant Julius Bjornstad, the owner

of the building, and when put in place it was so attached to the building as to constitute an improvement of the premises entitling plaintiff, if the contract was valid, to a lien under our mechanic's lien statutes. The machine was accepted by defendants, it still remains in the building and has never been paid for.

A lien statement was duly prepared and filed, and this action was brought to foreclose the same. The principal defense interposed was that the contract of sale and installation of the machine was a Minnesota contract and wholly invalid, since plaintiff was not authorized to transact business in this state; in other words, that the contract was in violation of G. S. 1913, §§ 6206, 6207. The defense was overruled and judgment ordered for plaintiff. Defendants appealed from an order denying a new trial.

The transaction took the form of an order for the machine given to an agent of plaintiffs then in Minnesota, to become effective as a contract only upon acceptance by some officer of plaintiff at its home office in Detroit, Michigan. It was an interstate commerce transaction unless the provisions of the order by which plaintiff undertook and agreed to install the machine in defendants' building, and to pay all costs and charges incident thereto, made it a state transaction, and invalid because plaintiff was prohibited from doing business in this state. It appears from the findings that the work of installing the machine was performed by workmen employed in this state, and that certain pipe and wire used in the work were purchased by plaintiff in this state. There was no evidence that by reason of the peculiar quality or nature of the machine the agreement of installation was a necessary part of the contract of sale. For aught that appears from the record to the contrary any electrician or plumber could perform that work, which consists in attaching the machine to a concrete base or platform upon which it stands, and connecting it with wires and pipes by and through which air and electricity are brought into and through the building; the same being necessary in the operation of the machine. And insofar as the record advises us the machine, in this respect, is not unlike any other machine, the parts of which, after shipment, are assembled and put together and thus made ready for operation.

The question whether on facts like those here disclosed the transaction

is one in interstate commerce and therefore unaffected by the laws of the state to which the shipment is made, and wherein the transaction is finally consummated and completed, though here presented in this state for the first time, has been before the courts of several of our sister states, and also before the Federal courts. The decisions rendered are not in harmony. In Tennessee, South Dakota and Wisconsin it has been held that the matter of installing the machine is merely incidental to and in aid of the contract of sale which, standing alone, amounts to a transaction in interstate commerce. Milan Mnfg. Co. v. Gorten, 93 Tenn. 590, 27 S. W. 971, 26 L.R.A. 135; S. F. Bowser & Co. v. Savidusky, 154 Wis. 76, 142 N. W. 182; Flint Mnfg. Co. v. McDonald, 21 S. D. 526, 114 N. W. 684, 14 L.R.A.(N.S.) 673, 130 Am. St. 735. A contrary conclusion was reached by the Supreme Court in Browning v. City of Waycross, 233 U. S. 16, 34 Sup. Ct. 578, 58 L. ed. 828, where it was held that a sale of lightning rods by a corporation to be shipped into a state in which the corporation was not entitled to transact business, coupled with the further agreement to affix them to the purchaser's building, was not protected as an interstate commerce transaction, for the reason that the act of affixing the rods to the building, not being a necessary nor an essential part of the contract of sale, was a state transaction subject to its local laws, and prohibited to foreign corporations which have not complied with the statutes authorizing the transaction of their business therein. The decision there rendered has been followed and applied in several of the state courts. Power Specialty Co. v. Michigan Power Co. (Mich.) 157 N. W. 408; York Mnfg. Co. v. Colley (Tex.) 172 S. W. 206; Kinnear & G. Mnfg. Co. v. Miner, 89 Vt. 572, 96 Atl. 333; American Amusement Co. v. East L. C. Co. 174 Ala. 526, 56 South. 961; G. M. Muller Mnfg. Co. v. First Nat. Bank, 176 Ala. 229, 57 South. 762. Within the rule of these decisions, in order to bring the transaction within the protection of interstate commerce, it must appear that the matter of installation is, by reason of some peculiarity of the article, or of the machine sold, a necessary and essential part of the transaction. We adopt that rule as the law of this state, and follow and apply the Browning case, and those cited, without any attempt to repeat or to enlarge upon the reasoning given therein. We do this not

because the rule of the courts holding that the matter of installation is a mere incident to the main transaction, and not therefore affecting its character as interstate commerce, is wholly without merit, but to the end that there may be uniformity in the administration of the law upon this subject in this state, by the Federal courts sitting therein, and by our own courts. This is wise policy, excluding questions of local law as applied to our domestic affairs, and has heretofore been adopted as respects questions of general commercial law.    Rosemond v. Graham, 54 Minn. 323, 56 N. W. 38, 40 Am. St. 336; National Bank of Commerce v. Chicago, B. & N. R. Co. 44 Minn. 224, 46 N. W. 342, 560, 9 L.R.A. 263, 20 Am. St. 566.   And, moreover, what constitutes interstate commerce is so essentially a Federal question that we may adopt without discussion the decisions of the Supreme Court as final and binding.    The findings of the trial court in the case at bar and also the evidence bring the case within the rule so here adopted, and we hold that the transaction in question was a violation of our statutes which plaintiff cannot enforce in the courts of this state.   It is not a case of a single transaction (W. H. Lutes Co. v. Wysong, 100 Minn. 112, 110 N. W. 367), for plaintiff had in the same manner and upon the same terms sold other machines to residents of the state, through the same or some other representative.

Order reversed.