## CANNELL & CHAFFIN, INC., *v.* C. W. C. DEERING.

## No. 1255.

### EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT. HON. J. T. DEBOLT, JUDGE.

ARGUED MAY 20, 1921.                    DECIDED MAY 28, 1921.

### COKE, C. J., KEMP, J., AND CIRCUIT JUDGE BANKS IN PLACE OF EDINGS, J., ABSENT.

PLEADING—*answer.*

At the close of the evidence plaintiff amended its complaint to conform to the proof; defendant asked for time to plead to the amended complaint but in stating what he desired to plead raised no question which he was not entitled to rely upon under his answer to the original complaint. Under these circumstances it was not error to deny his request for time to replead and order his answer to the original complaint to stand as his answer to the amended complaint.

COMMERCE—*interstate commerce—sale.*

A sale of goods in Hawaii by a California corporation which must in order to complete the sale by delivery be shipped from California to Hawaii constitutes a transaction of interstate commerce.

CORPORATIONS—*foreign corporations—license.*

A foreign corporation is not required to procure a license as a prerequisite to its right to engage in interstate commerce in this Territory.

### OPINION OF THE COURT BY KEMP, J.

This action in assumpsit was commenced October 19, 1917, under the title *Cannell, Smith, Chaffin Company, a Corporation, Plaintiff,* v. *C. W. C. Deering, Defendant, the Bank of Hawaii, Limited, a Corporation, Garnishee.* The complaint is in two counts. Under the first count it is alleged that on April 28, 1917, defendant was indebted

to plaintiff in the sum of $3154 for divers goods, wares and merchandise sold and delivered to him prior to that date. Annexed to the complaint as an exhibit and referred to in the body of the first count of the complaint is an itemized statement of account between plaintiff and defendant showing a balance of $3154 due, supported by the affidavit of S. Bartley Cannell, president of the plaintiff corporation, which contains among other allegations one to the effect that Cannell, Smith, Chaffin Company is a corporation duly organized and existing under and by virtue of the laws of the State of California with its principal place of business at the city of Los Angeles, State of California. The second count sets forth an account stated for $3154 and the promise of defendant to pay the sum found due on said account. The complaint contains the usual allegations relative to demand and the neglect and refusal of defendant to pay and prays judgment for $3154 together with costs, interest and attorney's commissions. The defendant in his answer admitted an indebtedness to the plaintiff of $1341.45 and tendered that amount in court which was by plaintiff refused. The answer also contained a general denial and notice that defendant would rely upon the defense of fraud, illegality, payment and accord and satisfaction. Upon these pleadings the cause proceeded to trial before a jury. The proof shows that the defendant purchased from S. Bartley Cannell, at various times prior to the incorporation of Cannell, Smith, Chaffin Company, books for which he agreed to pay $1449.75 and that the accounts therefor were on May 20, 1916, the date of its incorporation, assigned to the company. The proof further shows that subsequently to the incorporation of Cannell, Smith, Chaffin Company the defendant purchased from it books and other goods for which he agreed to pay $2515, the total of purchases from Mr. Cannell and the company amounting

to the sum of $3964.75, upon which a credit of $810.75 is admitted leaving a balance of $3154. It also appeared from the evidence that after the filing of this suit the name of the plaintiff was legally changed from Cannell, Smith, Chaffin Company to Cannell and Chaffin, Incorporated. The only evidence offered by the defendant on the trial was that of the acting treasurer of the Territory to the effect that he had searched the records of the office of the treasurer of the Territory and found no record showing that plaintiff had procured a license to do business in the Territory, or otherwise complied with the statutes relative to foreign corporations. Plaintiff admits that it has not procured a license to do business in the Territory or otherwise attempted to qualify itself under the statute to do business in the Territory. At the conclusion of the evidence the plaintiff requested and was granted leave to amend its complaint to conform to the proof which showed that the various items of merchandise listed in the account were furnished defendant for an agreed price upon written orders signed by him and forwarded to plaintiff at Los Angeles, California. The amendment also alleged the change in the name of the plaintiff from Cannell, Smith, Chaffin Company to Cannell and Chaffin, Incorporated. Upon the allowance of the amendment the defendant requested leave to plead to the amended complaint which was refused by the court and the defendant's original pleading was ordered to stand as an answer to the amended complaint.

Upon this status of the pleading and the proof the motion of the plaintiff that the jury be directed to render its verdict for the plaintiff for $3154 together with interest was granted to the extent of directing the verdict for the sum of $3154, interest being disallowed, and the defendant is now before this court upon exceptions and asks for a reversal upon the ground that the plaintiff cor-

poration has failed to comply with the provisions of sections 3380 and 3381 R. L. 1915 which provide *inter alia:* "Sec. 3380. Annual License. No foreign corporation * * * shall do any business of any nature whatsoever in this Territory unless it shall first have obtained from the treasurer an annual license to do so * * * provided that no license shall be necessary for any corporation engaged solely in the business of foreign or interstate commerce * * *." "Sec. 3381. * * * Every foreign corporation failing to comply with any of the statutes regarding foreign corporations shall * * * be denied the benefit of the laws of the Territory * * * and shall not be entitled to sue, plead or appear except as hereinbelow provided in any court of this Territory, for any cause of action whatever while such neglect or refusal continues * * *."

It is also claimed that the court erred in refusing to permit the defendant to plead to the amended complaint and in ordering his answer to the original complaint to stand as his answer to the amended complaint. All other questions raised by the bill of exceptions have been expressly waived.

We first consider the ruling of the court in refusing to permit the defendant to plead to the amended complaint. The defendant in indicating what he desired to plead in answer to the amended complaint raised no question which he was not entitled to rely upon under his answer to the original complaint. The action of the court therefore in refusing to permit him to replead and in ordering his original answer to stand as an answer to the amended complaint deprived him of no right and could not be prejudicial to him.

The other question presented requires us to determine whether the business transacted by the plaintiff in the Territory constituted interstate commerce. If it did there can be no question of the correctness of the court's ruling

in directing a verdict for the plaintiff for the reason that the only defense now relied upon is that the plaintiff, which is a foreign corporation, has failed to procure a license to do business in the Territory, and the statute expressly provides that no license shall be necessary for any corporation engaged solely in foreign or interstate commerce.

The transactions which the defendant contends amounted to the doing of intrastate business in the Territory and which the plaintiff contends were purely interstate in character may be summarized as follows: In March 1917 Mr. Cannell, who was president of Cannell, Smith, Chaffin Company, came to Honolulu bringing with him one volume of each set of books offered for sale by his company for use in taking orders for sets. At Mr. Cannell's request the defendant called at his room in the Alexander Young Hotel on March 30, and after inspecting the volumes which Mr. Cannell had with him signed an order addressed to Cannell, Smith, Chaffin Company at 224 Union League Building, Los Angeles, Cal., in the following language:

"Please enter my order for the items described below, for which I agree to pay to the order of Cannell, Smith, Chaffin Company the sum of thirteen hundred and seven 51/100 dollars, the same to be delivered to me as soon as possible after date:

| | | |
|---|---|---|
| Parker | 21 vols | $525. |
| Morris | 24 vols | 420. |
| Norroena | 15 vols | 187.51 |
| Landor | 10 vols | 175. |
| | | $1307.51" |

At the same time defendant signed a further order addressed as the other and couched in the same general language for a set of Kipling, for which he agreed to pay $322.51. A few days later, on April 5, defendant signed a

further order in all respects similar to the others for other books for which he agreed to pay $515. Upon the signing of these orders Mr. Cannell delivered the one volume of each set which he had with him to the defendant and forwarded the orders signed by the defendant to his company in Los Angeles. In due time the receipt of these orders was acknowledged by the company in a letter directed to the defendant in Honolulu, in which he was informed: "We understand Mr. Cannell has delivered to you one volume of each set and the balance of the books will go forward in the near future." The books were duly forwarded and received by the defendant. These transactions represent everything which the defendant contends amounted to the doing of intrastate business and which the plaintiff contends were purely interstate in character.

The question of when a sale of goods is a transaction of interstate commerce is discussed in 7 Cyc. 416 as follows: "A sale, the parties to which are of different states, is a transaction of interstate commerce, wherever the contract of sale may be made, and when the goods are to be shipped from one state to another, whether the sale is made before or after shipment. Negotiation and sale in such cases through selling agents or by agents to buy is also an act of interstate commerce, as is furthermore a contract between citizens of different states to furnish goods and perform labor related thereto, or to manufacture and transport." In *Cook* v. *Rome Brick Co.*, 98 Ala. 409, 12 So. 918, it is said: "The sale of brick in another state to be delivered here or the filling of an order sent from this state for brick in another state is an act of interstate commerce." In *Robbins* v. *Shelby County Taxing District*, 120 U. S. 489, it is held that the business of selling goods in Tennessee which were in Ohio at the time of sale and were at a future time to be delivered to the purchaser in the State of Tennessee constituted interstate

commerce.   See also *Coit & Co.* v. *Sutton,* 102 Mich. 324;
*Mershon & Co.* v. *Pottsville Lumber Co.,* 40 Atl. (Pa.)
1019; *Miller & Co.* v. *Goodman,* 91 Tex. 41.

Counsel for defendant has argued that since the presi-
dent of the plaintiff corporation was present in the Terri-
tory and negotiated the sale of the books and delivered
one volume of each set ordered by the defendant at the
time the orders were executed the transactions which
might otherwise have been interstate in character because
of these facts became transactions which constituted
intrastate commerce.   In support of his contention to the
effect that the presence of the president in the Territory
had this effect he cites *Roche* v. *Ladd,* 1 Allen 436.   In
opposition to this contention plaintiff cites *W. H. Lutes
Co.* v. *Wysong,* 100 Minn. 112.   Neither of these cases in
our opinion is authority on the question.   We think, how-
ever, that it would be necessary for us to disregard the
principle of all the authorities cited by us above as well
as many others which might be cited in order to hold that
the presence of the president of the plaintiff corporation
in the Territory as the representative of the plaintiff had
the effect of robbing the transactions of their character as
interstate commerce.   If we admit that the transactions
constituted doing business in the Territory still the plain-
tiff is not deprived of its right to sue by failing to comply
with the statute if the business which it did was inter-
state in character.   Hence the many cases cited dealing
with what is and what is not doing business are not in
point.   Neither do we think the fact that plaintiff's rep-
resentative had with him one volume of each set of books
which he delivered upon receiving an order for the set
changed the nature of the transaction from interstate to
intrastate commerce.   Essentially the transaction was
one between citizens of different states for the sale of
goods which must in order to complete the sale by deliv-

ery be shipped from California to Hawaii. The one volume delivered was nothing more than a sample by which the defendant could determine upon the delivery of the set whether it came up to the representations of the seller.

We are of the opinion that the exceptions should be overruled and it is so ordered.

*B. S. Ulrich* (*Thompson, Cathcart & Lewis* on the brief) for plaintiff.

*A. Withington* of *Robertson, Castle & Olson* (*Peters & Smith* who filed briefs having withdrawn) argued the case for defendant.