ALICE YARBOROUGH, PETITIONER-RESPONDENT, v. WILLIAM SLOKUM (SLOCUM) AND SALLY SLOKUM (SLOCUM), RESPONDENTS-APPELLANTS.

Submitted May 28, 1943—Decided September 16, 1943.

For the respondents-appellants, *Gilhooly & Yauch* (*Edward J. Gilhooly*, of counsel).

For the petitioner-respondent, *Nathaniel Alper* (*Samuel B. Friedman*, of counsel).

The opinion of the court was delivered by

PORTER, J.  This appeal is from a judgment of the Supreme Court dismissing a writ of *certiorari* to review a determination of the Workmen's Compensation Bureau. The respondent was employed as a domestic servant in the home of the Slocums in Montclair.  She alleges that she suffered injuries arising out of and in the course of the employment. The Slocums moved their residence to New York State. After they had left the jurisdiction of this state, a petition was filed by respondent with the Bureau seeking compensation for her injuries. The Bureau undertook jurisdiction and forwarded to the Slocums by mail a copy of the petition which had been served on its secretary.  The Bureau stated that it was acting under the provisions of *N. J. S. A.* 34:15–55.1.  The appellants appeared before the Bureau specially and moved to dismiss and quash the process or notice on the ground that the Bureau lacked jurisdiction, because the appellants were non-residents and not within the statute.  The motion was denied.  The Supreme Court on

*certiorari* to review this determination concluded that the Bureau had jurisdiction under the statute and dismissed the writ. This statute reads as follows: "Any person or firm, not a resident of this state, or any corporation not licensed to do business in this state, who shall employ any person to perform work, labor or services within this state shall be deemed by the accepting of the privilege of engaging in such work, labor and services by its employees to make, constitute and appoint the secretary of the Workmen's Compensation Bureau as his or its agent for the acceptance of process in any proceedings by any such employee or dependent or representative of such employee, under and by virtue of this chapter;" &c. This statute applies to non-residents who employ persons to perform services within this state. That is not the situation in the instant case. The Slocums were not non-residents employing the respondent. They were residents when the employment was made; and that employment ceased while they were still residents of this state. A right of action had accrued while the Slocums were within the jurisdiction of this state; but when the action was commenced by the filing of the petition, they were no longer within this jurisdiction, and no process of this state could reach them.

No lawful service of process having been made, the Bureau had no jurisdiction over them. *Williams* v. *Board of Education,* 124 *N. J. L.* 380. Process issued out of the courts of one state is valid only within that state and has no extra territorial effect. The due process clause of the Fourteenth Amendment of the Constitution of the United States prohibits a state court from fastening personal liability upon a non-resident who has not been personally served with process within the territorial limits of the state. *Pennoyer* v. *Neff,* 95 *U. S.* 714; *Smith* v. *Colloty,* 69 *N. J. L.* 365; *Redzina* v. *Provident Institution,* 96 *N. J. Eq.* 346; *Hartman* v. *Collum,* 126 *Id.* 629. The Supreme Court in the instant case relied on *Kawko* v. *Howe & Co.,* 129 *N. J. L.* 319. The Supreme Court there held that the statutory method of service in the case of a non-resident individual who employs labor in this state as provided in *N. J. S. A.* 34:15–55.1

*supra* was not in violation of the due process clause of the United States Constitution. That decision however clearly applied only to a non-resident who employed labor in this state and has no application in the case of a resident employer who later moves from the state after the employer-employee status has been concluded as in the instant case.

There are only three instances in which process may be served upon non-resident defendants in an action *in personam.* The first, above referred to, is where a non-resident person or corporation not licensed to do business in this state, who shall employ anyone to perform work, labor or services within this state, shall be deemed by the accepting of the privilege of engaging in such work by its employees to make and appoint the secretary of the Workmen's Compensation Bureau his or its agent for the acceptance of process. *N. J. S. A.* 34:15–55.1 *supra.* The second is when such defendant, a foreign corporation, is authorized to do business in this state. Our statute (*N. J. S. A.* 2:26–47) provides that service of process may be made upon such non-resident company by serving the Secretary of State of New Jersey as agent for the corporation; and the theory is that the state, having power to exclude a foreign corporation from doing business here, may allow it to transact business upon the condition that the Secretary of State be regarded as agent for the service of process upon such foreign corporation. *Washington* v. *Superior Court,* 289 *U. S.* 361; *Groel* v. *United Electric Co.,* 69 *N. J. Eq.* 397. The third instance arises in the case of a non-resident motorist who operates his vehicle within the territorial limits of this state. *N. J. S. A.* 39:7–1, *et seq.,* provides that non-resident motorists who use the New Jersey highways shall be deemed to have constituted the Motor Vehicle Commissioner of this state as agent for the service of process in actions arising out of accidents occurring in this state in the operation of their motor vehicle. It is well recognized that the state has power to impose this condition upon non-resident users of the state roads. *Hendrick* v. *Maryland,* 235 *U. S.* 610; *Kane* v. *New Jersey,* 242 *Id.* 160; *Morris* v. *Duby,* 274 *Id.* 135; *Hess* v. *Pawloski,* 274 *Id.* 352.

This case does not come within the stated exceptions to

the general rule. The Workmen's Compensation Bureau had no authority to act as agent for the Slocums in the acceptance of service. The Bureau therefore acquired no jurisdiction over them.

The judgment under review will be reversed.

*For affirmance*—PARKER, HEHER, WELLS, DILL, JJ.   4.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, PERSKIE, PORTER, DEAR, RAFFERTY, HAGUE, THOMPSON, JJ.   9.