MURRAY L. YEDWAB, LAURA NESLIN AND PEARL YESKO, DOING BUSINESS AS TIPPLERS, PLAINTIFFS, v. M. A. RICHARDS CORPORATION, DEFENDANT.

Argued May 17, 1948—Decided July 30, 1948.

Before Justice Heher, at the Passaic Circuit.

For the rule, *Robert J. Bunevich.*

*Contra, A. Leon Kohlreiter* (*Archibald Kreiger,* of counsel).

Heher, J. The action is for damages alleged to have resulted from the breach of a contract for the manufacture, sale and delivery by defendant to plaintiff retailers of tavern bars, equipment and accessories. The gravamen of the complaint is in part delivery of defective merchandise and in part non-delivery of bars and equipment in the quantity provided by the contract. Plaintiffs are residents of Paterson, in this state; defendant is a foreign corporation, resident in the State of New York.

Service of the summons and complaint was made upon the president of the corporation at plaintiffs' place of business in Paterson, whither he had repaired for a discussion of matters in dispute; and the motion is to quash the service on these grounds: (1) that the defendant is a foreign corporation not amenable to the jurisdiction of this court; and (2) that, even though it is otherwise subject to the court's jurisdiction, the corporate officer upon whom service was made was enticed into the state for the purpose by trick or device, and the service is therefore ineffective. Both points are well taken.

There is jurisdiction *in personam* over a foreign corporation only if it is doing business in the state through its agents, and then only if there is service of process within the state upon a duly authorized officer or agent of the corporation.

*Roll-O-Matic, Inc.,* v. *J. B. Marshall, Inc.,* 117 *N. J. L.* 463; *Consolidated Textile Corp.* v. *Gregory,* 289 *U. S.* 85; 53 *S. Ct.* 529; 77 *L. Ed.* 1047; *Washington-Virginia Railroad Co.* v. *Real Estate Trust Co.,* 238 *U. S.* 185; 35 *S. Ct.* 818; 59 *L. Ed.* 1262; *James-Dickinson Farm Mortgage Co.* v. *Harry,* 273 *U. S.* 119; 47 *S. Ct.* 308; 71 *L. Ed.* 569; *Cannon Manufacturing Co.* v. *Cudahy Packing Co.,* 267 *U. S.* 333; 45 *S. Ct.* 250; 69 *L. Ed.* 634. In the absence of the element of consent, in one form or another, the doing of business is indispensable to the fulfillment of the requirement of due process of law guaranteed by the Fourteenth Amendment of the Federal Constitution. *Riverside & Dan River Cotton Mills* v. *Menefee,* 237 *U. S.* 189; 35 *S. Ct.* 579; 59 *L. Ed.* 910. The state's jurisdiction *in personam* does not extend beyond its own borders. Process in actions of this class does not run from one state to another. *Pennoyer* v. *Neff,* 95 *U. S.* 714; 24 *L. Ed.* 565.

"Doing business" is a term that is not susceptible of precise definition automatically resolving every case. Each case turns upon its own circumstances. The determinative is the essence of the transaction or series of transactions. Here, the proofs are conclusive that defendant was not doing business in this state at the time of the service of the summons and complaint, of such character and degree as to constitute presence therein and so to render it amenable to the general jurisdiction of the courts of the state. There was no evidence of a course of trade within the state. Only the affair in question is offered as tending to establish the doing of business within the state; but it plainly does not have that quality. The contract of manufacture and sale was made in the State of New York; and defendant's purely incidental undertaking to counsel with plaintiffs as to the display of the goods and merchandise in its store and show windows in Paterson did not serve to render the transaction the doing of business within this state, and thus to subject the defendant corporation to the state's territorial jurisdiction *in personam.* This is the sum of the matter as asserted by plaintiffs; the defendant corporation did not thereby enter this state and engage in business here within the intendment of the principal now invoked.

Jurisdiction involves the fundamentals of due process; and the mere giving of advice as to display and sales appeal did not constitute the doing of a local business separable from the interstate transaction, so as to make the corporation subject to state control and liable to the service of its judicial process. That was but an incident of the sale of the merchandise insufficient in itself to establish a substantial foundation for the exertion of the state's territorial jurisdiction for the purpose of a personal judgment against the defendant corporation. The circumstances do not bring the case within the doctrine of *Browning* v. *Waycross, 233 U. S. 16; 34 S. Ct. 578; 58 L. Ed. 828; General Railway Signal Co. v. Virginia, 246 U. S. 500; 38 S. Ct. 360; 62 L. Ed. 854; Mandell Brothers* v. *Henry A. O'Neil, Inc., 69 Fed. Rep. (2d) 452; Phoenix Nursery Co.* v. *Trostel, 166 Wis. 215; 164 N. W. Rep. 995; Palm Vacuum Cleaner Co.* v. *Bjornstad, 136 Minn. 38; 161 N. W. Rep. 215;* or *Case* v. *Mills Novelty Co., 187 Miss. 673; 193 So. Rep. 625; 126 A. L. R. 1102.* Nor was the interstate business done of such a character as to warrant the inference of the corporation's presence in this state to sustain an action *in personam. International Harvester Co.* v. *Kentucky, 234 U. S. 579; 34 S. Ct. 944; 58 L. Ed. 1479; Thurman* v. *Chicago, M. & St. P. Railroad Co., 254 Mass. 569; 151 N. E. Rep. 63; 46 A. L. R. 563.* In a word, the promise of suggestions as to display was plainly subsidiary to the sale of the merchandise as the principal feature of the entire transaction, and was therefore in no sense an independent local undertaking constituting the doing of business within the state. Compare *York Manufacturing Co.* v. *Colley, 247 U. S. 21; 38 S. Ct. 430; 62 L. Ed. 963; Browning* v. *Waycross, supra.* There was in this respect no separable local contract of service; it was an integral part of the contract of manufacture and sale, wholly devoid of a local character or status. There was no such presence within the state as to warrant the assumption of personal jurisdiction over the corporation. *Bank of America* v. *Whitney Central National Bank, 261 U. S. 171; 43 S. Ct. 311; 67 L. Ed. 594.*

And the temporary presence in the state of officers of the defendant corporation, for a conference addressed to the

settlement of matters in controversy arising out of the contract of sale, did not subject the corporation to the local jurisdiction and process, unless it was otherwise engaged in business in the state. *James-Dickinson Farm Mortgage Co.* v. *Harry, supra; Aldrich* v. *Anchor Coal Co.,* 24 *Or.* 32; 32 *Pac. Rep.* 756.

Moreover, as stated, the doing of business within the state is not alone sufficient for the acquisition of jurisdiction *in personam* over a foreign corporation. It is also requisite that there be due service of process upon the corporation within the territorial jurisdiction; and it is elementary that service of process procured by fraud, trickery, or artifice will not suffice to warrant the exercise of the jurisdiction. Here, it is evident that the officer of the defendant corporation upon whom service was made was lured into the state on the pretext of discussing the settlement of a controversy growing out of the contract. Where a person resident outside of the court's territorial jurisdiction and the reach of its process is enticed, inveigled, or induced, by false representation, deceitful contrivance or wrongful device practiced by the plaintiff to come within the jurisdiction for the purpose of effecting service of process on him, the service will be deemed invalid and vacated. *Ullcht* v. *Ullcht,* 96 *N. J. Eq.* 583; *Commercial Mutual Accident Co.* v. *Davis,* 213 *U. S.* 245; 29 *S. Ct.* 445; 53 *L. Ed.* 782; 42 *Am. Jur.* 32.

The service of the summons and complaint is accordingly set aside, and the complaint is dismissed, with costs.