82 N.J. Super. 92 (1964)
196 A.2d 691
DAVID MacKAY, PLAINTIFF-RESPONDENT,
v.
MARSHALL AVISON AND GEORGE MARSHALL AVISON, HIS FATHER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 1963.
Decided January 9, 1964.
*94 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Augustine A. Repetto argued the cause for appellants (Mr. Ernest M. Curtis, of counsel, on the brief).
Mr. Henry N. Luther, III, argued the cause for respondent (Mr. Stephen J. Neville, Jr., attorney).
The opinion of the court was delivered by FREUND, J.A.D.
By order of the Appellate Division defendants were granted leave to appeal an interlocutory order of the Superior Court, Law Division, Ocean County, denying their motion to dismiss the service of process made upon them.
*95 Marshall Avison is the son of George Marshall Avison. Both reside in Norwalk, Connecticut. Plaintiff also resides in Norwalk. On July 3, 1963 plaintiff filed a complaint in the Superior Court, Law Division, Ocean County, alleging that in August 1961 he and the two Avisons were "in the surf" at Island Beach State Park in New Jersey, and that young Marshall negligently collided with him, thereby inflicting personal injuries upon him. Plaintiff further alleged that the elder Avison was negligent in failing to exercise control over his son in order to prevent such an occurrence.
Defendants were served with summons and complaint in Connecticut on July 8, 1963. At this time Marshall was 14 years of age. He and his father acknowledged service by signing their respective summonses before one Walter J. Cullen, who allegedly was a notary public of Connecticut. Acceptance of the service of a summons, when signed and acknowledged by a defendant, is as effective as proper service, R.R. 4:4-6, and may constitute a waiver of defects in the acquiring of jurisdiction over his person. See 2 Schnitzer and Wildstein, N.J. Rules Service, A IV-68-69. Cf. Allen B. Du Mont Labs., Inc. v. Marcalus Mfg. Co., 30 N.J. 290, 302-303 (1959). The acknowledgment failed to include, however, a certification that Cullen was in fact a notary public authorized to take acknowledgments in the State of Connecticut. Such certification was necessary to validate the acknowledgments. See R.S. 41:2-17.
In lieu of filing an answer defendants moved, pursuant to R.R. 4:12-2, to dismiss the service of process on the grounds of lack of jurisdiction over their persons, insufficiency of process and of service of process. Plaintiff then filed a cross-motion to amend the proof of service to indicate the authority of Cullen, and presented an affidavit of the County Clerk of Fairfield County, Connecticut, that on July 8, 1963 "Walter J. Cullen was a Notary Public authorized to take acknowledgments in the State of Connecticut." The judge before whom these motions were argued determined that the deficiency in the acknowledgments was "merely one of form" *96 and was cured by the affidavit of the Fairfield County Clerk. He decided also that service upon young Marshall was valid.
Do the New Jersey courts, by virtue of these two acknowledgments, have in personam jurisdiction over these nonresident defendants who were served in Connecticut, their home state? Traditionally, the primary foundation upon which such jurisdiction rests is the physical presence of the defendant in the state where suit is brought. See generally, "Developments in the Law  State-Court Jurisdiction," 73 Harv. L. Rev. 909, 937-38 (1960); see Restatement, Judgments, § 15, pp. 81-83 (1942). Domicile in that state is sufficient, however, to support in personam jurisdiction even if the defendant is not served within its borders, provided always that notice consistent with due process was given. Milliken v. Meyer, 311 U.S. 457, 462-463, 61 S.Ct. 339, 85 L.Ed. 278 (1940); see also McDonald v. Mabee, 243 U.S. 90, 92, 37 S.Ct. 343, 61 L.Ed. 608 (dictum); Restatement, Judgments, § 16, pp. 83-84 (1942). It is obvious that neither of these bases of in personam jurisdiction is applicable in the present case.
It is a well settled rule that the in personam jurisdiction of this State does not extend beyond its own borders. Yedwab v. M.A. Richards Corp., 137 N.J.L. 448, 450 (Sup. Ct. 1948). See also A. & M. Trading Corp. v. Pennsylvania R. Co., 13 N.J. 516, 525 (1953); Westerdale v. Kaiser-Frazer Corp., 6 N.J. 571, 576 (1951). To this rule there are some exceptions, engrafted upon our law by statute. For example, in personam jurisdiction may be achieved over a nonresident defendant by substituted service where (1) the defendant employs one or more persons to perform work, labor or services in New Jersey, N.J.S.A. 34:15-55.1; (2) the defendant is a foreign corporation authorized to do business within this State, N.J.S. 2A:15-26; (3) a defendant motorist has used the highways of New Jersey, R.S. 39:7-1 et seq.; and (4) the defendant or his agent or servant operates aircraft "over the land or waters or through the air space of this State," N.J.S.A. 6:5-3. We have no statute, *97 as does Illinois, which provides that a nonresident submits his person to the jurisdiction of our courts merely by his commission of a tortious act within our borders. See 110 Ill. Ann. Stat. § 17(1)(b).
Since none of the above cited New Jersey statutes applies to either of the defendants, they are not subject to an in personam action in this State, see Yarborough v. Slokum, 130 N.J.L. 565, 566-567 (E. & A. 1943), absent their consent to be sued here. Of course, consent by a nonresident to a suit in a foreign jurisdiction is a valid basis for a personal judgment against him, though none of the other requirements for in personam jurisdiction is present. Battle v. General Cellulose Co., 23 N.J. 538, 546 (1957); Restatement, Judgments, § 18, pp. 86-87 (1942). And of course this is the very ground upon which plaintiff seeks to subject defendants to suit in the present case. But it is important to note that absent their consent, the validity of which defendants now deny, there would be no possible way in which plaintiff could continue the present suit notwithstanding the fact that defendants received actual notice thereof at their place of residence. Redzina v. Provident Institution, etc., 96 N.J. Eq. 346, 348 (E. & A. 1924). This is particularly significant in the case of young Marshall, for it indicates the necessity of his making an important decision, viz., whether or not to subject himself to a suit in a jurisdiction other than that of his domicile. A similar kind of problem would arise if a 14-year-old infant, resident of New Jersey, undertook to acknowledge service of process at a time when he was temporarily out of the State.
In sustaining the acknowledgment of service by the infant Marshall, the trial judge reasoned that R.R. 4:4-6, providing that "a general appearance or an acceptance of the service of a summons * * * signed and acknowledged by the defendant, shall have the same effect as if the defendant had been properly served," must be read together with R.R. 4:4-4(a), which permits service upon any individual other than an infant under 14 years of age or an incompetent to be *98 made personally. From this he concluded that if an infant 14 years of age can be served with process personally, it is logical that the rules intended he might also acknowledge service on his own behalf. Further support for this conclusion was thought to be found in the circumstance that R.R. 4:4-4(a) also provides that service can be effected on one sui juris by leaving a copy of the process at the subject's place of abode with a competent member of the family 14 years of age or over residing therein.
We do not find the stated reasoning persuasive in relation to the issue of power to acknowledge service by a 14-year-old infant. The fact that the particular infant here involved is a nonresident is not the significant factor, there being no reason to believe the drafter of the rules entertained a different intent in this regard as between resident and nonresident 14-year-olds. But the particularly significant effect of the thesis of such power as to a nonresident infant fortifies the strong doubt as to its intended existence.
The fact that under R.R. 4:4-4(a) a child of 14 years is deemed competent to accept personal service for himself or for another person sui juris indicates merely that it was thought that one of that age normally possesses sufficient maturity to consult with some responsible adult as to what action should be taken when served. It does not follow from this that R.R. 4:4-4(a) therefore intended that an infant of 14 years shall be capable of binding himself by any consent to or waiver of invalidity of service of process upon him. It is a well known common-law principle that "an infant cannot accept or acknowledge service as to bind himself." 43 C.J.S. Infants § 115, p. 318. Nor can he waive the regular service of process upon him. 27 Am. Jur., Infants, § 140, p. 859. See generally Annotation, 121 A.L.R. 957 (1939); Restatement, Judgments, § 18, p. 86, comment (a) (consent may be ineffective where it is given by a defendant who is under a legal disability). Plaintiff has not brought to our attention one decision in this country which is contra. Our courts have always assumed the responsibility to observe and protect the *99 rights of infants. See, e.g., Anderson v. Anderson, 133 N.J. Eq. 311, 313 (Ch. 1943). In view of the strength of the public policy in protection of infants against self-determination of their legal rights, we conclude that the rules of court do not permit an infant of any age to bind himself by an acknowledgment or voluntary waiver of personal service.
The capacity of an infant is normally determined by the law of his domicile, 43 C.J.S. Infants § 20, pp. 82-83. Plaintiff has not brought to our attention any statutory or decisional law of Connecticut to the effect that an infant over 14 years can by consent waive the defense of lack of jurisdiction over his person. We presume, therefore, that the parties are content to have New Jersey law apply. See Leary v. Gledhill, 8 N.J. 260, 266-270 (1951).
The situation is different concerning George Marshall Avison, however. As a competent adult his acceptance and acknowledgment of service, if valid, would be a binding waiver of his right to challenge the jurisdiction of our courts over his person. He contends that the lack of a statement of authorization of the notary who witnessed his acknowledgment is a fatal defect to his purported acceptance of service. We are in accord with the conclusion of the judge below that Mr. Avison's acknowledgment was rendered valid by the subsequent proof of the authority of the notary public who witnessed it. Although R.R. 4:4-6 provides that a defendant must sign and acknowledge in order to accept service, and R.S. 41:2-17 provides that there shall be a recital that the person who takes the acknowledgment is a notary, this requirement is one of form only, and a defect therein can be cured by subsequent proof. See Whitehead v. Hamilton Rubber Co., 53 N.J. Eq. 454, 458 (Ch. 1895).
The order of the court below is affirmed as to George Marshall Avison and reversed as to Marshall Avison.