MORROW, TRUSTEE, *v.* SHOBER.

[No. 2,352.    Filed January 25, 1898.]

PLEADING.—*Parties.*—*Descriptio Personæ.*—The words "trustee of Coal Creek school township" following the name of defendant in a pleading can only be regarded as *descriptio personæ.    p. 132.*

SAME.—*Complaint.*—*Gravel Road Assessment.*—A complaint against the person occupying the office of township trustee in an action to foreclose a gravel road assessment against school property in such township states no cause of action.    *p. 133.*

APPEAL.—*Parties.— Jurisdiction.— Gravel Road Assessments.*—The question as to whether the real estate of a school township can be legally assessed for the construction of free gravel roads is not presented by the record where the township is not made a party to the appeal.    *p. 133.*

From the Montgomery Circuit Court.    *Reversed.*

*G. W. Paul* and *H. D. Van Cleave*, for appellant.
*Brumbaugh & Combs* and *Crane & Anderson*, for appellee.

HENLEY, J.—Action by appellee against John W. Utterback, Trustee of Coal Creek school township,

of Montgomery county, Mary C. Ford and Coal Creek
school township of Montgomery county, Indiana.
The complaint in this cause is, omitting the formal
part, in the following words and figures: "William
H. Shober, plaintiff, complains of John W. Utterback,
trustee of Coal Creek school township of the county
of Montgomery, State of Indiana, Mary C. Cord and
Coal Creek school township of Montgomery county,
Indiana, defendants, and says: That heretofore, to
wit, prior to the fourth day of September, 1893, one
Daniel Curtis was duly appointed and qualified as
superintendent for the construction of the 'Isaac N.
Miliarry Gravel Road,' in Montgomery county, State
of Indiana, under and pursuant to an act of the Gen-
eral Assembly of the State of Indiana, approved April
8, 1885, and the acts amendatory thereof; that said
superintendent, in discharge of his duty, let the con-
tract for the construction of said work; that as soon
as said contract was let said superintendent duly
assessed upon all the lands benefited by said im-
provement ratably upon the amount of benefits as
confirmed and adjudged by the board of commission-
ers of said county, such sum as was necessary to pay
for the work, and all costs and expenses accrued and
to accrue, not exceeding the whole benefits adjudged
upon any one tract; that on said date said superin-
tendent duly executed certificates which certified the
sum assessed against each tract of land respectively;
that as a part of said assessment so made and certified
by said superintendent for said improvement, he exe-
cuted certificate number 216, in the name of, and as
against Mary C. Ford *et al.*, for the sum of nine and
sixty hundredths dollars ($9.60), payable in six equal
installments, with interest at the rate of six per
centum per annum from date, and attorney's fees, due
in six, twelve, eighteen, twenty-four, thirty and thirty-

six months from date, upon the following real estate
in the county of Montgomery, State of Indiana, to wit:
lot number sixteen, in the original plat of the town
of Wingate.   That under and by said description it
was intended to cover and embrace lot No. (16) six-
teen as the same is known and designated on the orig-
inal plat of the town of Pleasant Hill in Montgomery
county, Indiana; that long after the filing of said
plat the name of said town was, under and pursuant
to the rules and regulations of the postal authorities
of the government of the United States changed to
Wingate, by which last name, said town has since the
year 1886, been known and designated, and that said lot
No. 16 is the lot benefited by and assessed for the pay-
ment of said work, costs and expenses as above al-
leged; that said certificate and assessment thereby be-
came and was a first, valid and subsisting lien on said
real estate, and for priority thereof, relating back and
binding said real estate from the time of the filing of
the petition for said improvement, to wit, the —— day
———— 1893; that said superintendent in execu-
ting said certificate, in describing the real estate as
above set out, described the same in an abbreviated
form as follows: 'Lot 16, O. P. Wingate.'   That said
certificate is herewith filed, marked 'exhibit A,' and
made a part of this complaint.   That said superintend-
ent duly issued and paid said certificate in consider-
ation of labor performed upon said improvement;
that the plaintiff is the owner and holder of said cer-
tificate; that no part thereof has ever been paid, al-
though three installments thereof are long past due,
and plaintiff has made demand for payment thereof;
that by reason of the default in the payment of said in-
stallments at maturity, and of the demand made by the
plaintiff the whole amount of said certificate and as-

sessments' has become due and collectible, together with interest thereon at the rate of six per centum per annum from date and reasonable attorney's fees, all of which is wholly unpaid. That there is now due the plaintiff on said assessment and certificate the sum of twelve dollars principal and interest, and the further sum of twenty-five dollars, reasonable attorney's fees, upon which the plaintiff is entitled to judgment without any relief from valuation or appraisement laws, the foreclosure and enforcement of said lien and assessment, and the sale of said real estate to pay off and satisfy the same.    That the defendants claim to have some interest in the subject-matter of this suit, to the plaintiff unknown, are made parties defendant herein, to answer as to their interest and to show cause if any they may have why the plaintiff should not have judgment in the manner and form as prayed herein. Wherefore the plaintiff demands judgment for forty dollars, the foreclosure and enforcement of said lien and assessment, the sale of said real estate, to pay off and satisfy the same, and for all proper relief."

A copy of the certificate of assessment and of the coupons attached thereto is filed with and made a part of the complaint.    After the filing of the complaint, and before any further proceedings were had in said cause it was made to appear that since the beginning of the action one Ebert M. Morrow had succeeded John W. Utterback as trustee of Coal Creek school township and he was substituted as defendant in the place of Utterback.    The complaint was not tested by demurrer in the lower court.    Defendant Mary C. Ford appeared and filed an answer disclaiming any interest in the real estate sought to be affected by the action, and thus passed out of the case.    Appellant Ebert M. Morrow, trustee, etc., appeared and filed his separate answer in one paragraph, which answer is as

follows: "Comes now the defendant Ebert M. Morrow, trustee of Coal Creek township, and for his separate answer to the complaint says, that since the bringing of this action, he has succeeded the defendant John W. Utterback, in the office of trustee of said township and that he is now duly qualified and acting trustee of said township, and for answer to the plaintiff's complaint he says, that about the year 1832, the said school township, by its duly qualified trustee, purchased of one John W. Cord, and said John W. Cord and his wife, now the defendant Mary C. Cord, executed to said school township a warranty deed for said lot for school purposes, and thereupon the said school township took possession of said lot for school purposes, under said deed during the year 1832, and 1833.   The said school township erected on said lot a schoolhouse, for public school purposes, and paid for said house and said lot out of the public school funds, raised by taxation, and that ever since the said date, the said school township by its proper trustee was in possession of said house and said lot, and used the same for school purposes, and that therefore said lot was not subject to be assessed for the construction of said gravel road, and that such asssessment is void and created no lien on said lot.   Wherefore he prays judgment for costs and all proper relief."

A demurrer was filed to the answer and sustained. The appellant refusing to plead further, the court rendered the following judgment: "That the plaintiff ought to recover of the defendant Ebert M. Morrow as trustee the sum of twenty-five dollars and ninety-five cents of which amount the sum of fifteen dollars is for plaintiff's attorney's fees and that said sum is a lien upon the real estate hereinafter described.   It is therefore considered and adjudged by the court that the plaintiff recover of and from the defendant Ebert M.

Morrow as trustee of Coal Creek school township of Montgomery county, Indiana, the sum of twenty-five dollars and ninety-five cents together with the costs and charges herein laid out and expended, taxed at $——. It is further considered and adjudged by the court that said sum of twenty-five dollars and ninety-five cents is a lien upon the following described real a state in Montgomery county, State of Indiana, viz: Lot numbered sixteen (16) as the same is known and designated on the original plat of the town of Pleasant Hill. And it is further ordered that said defendant, Ebert M. Morrow, as trustee of said township, pay said judgment and the costs of this action out of any money in his hands liable for such expense and should there not be sufficient funds to pay said claim, in that event he is ordered to assess and collect an amount sufficient for said purpose."

It will be observed that no answer was ever filed for Coal Creek school township and that if any judgment was rendered against that township the same is not appealed from. The assignment of errors in this court is entitled "Ebert M. Morrow Trustee of Coal Creek school township of Montgomery county, Indiana, vs. William H. Shober." The errors assigned are:

"1. The complaint of appellee William H. Shober does not state facts sufficient to constitute a cause of action.

"2. The court erred in sustaining the demurrer to the answer'of appellant."

The words "Trustee of Coal Creek school township" in every instance following the name of Ebert M. Morrow in the complaint, the answer and the judgment rendered by the court, and the assignment of errors, filed in this court, can only be regarded as *descriptio personae.*

This cause was transferred to this court by the Supreme Court, in which court it was originally filed and docketed, its number there being 17936. The Supreme Court must necessarily have regarded this action as one for a money judgment, and for the foreclosure of a statutory lien, else this court would not have jurisdiction. As a complaint for a money judgment and the foreclosure of a statutory lien, it stated no cause of action against the appellant herein. If appellee is entitled to the relief given him in that part of the judgment of the lower court wherein the appellant is ordered and directed to pay the assessment, and if there is not enough money on hands with which to pay it to "assess and collect an amount sufficient to pay the same," such a mandate could only be obtained in an action over which this court has no jurisdiction. Coal Creek school township not being a party to the appeal, the question of whether the real estate of the school township could legally be assessed for the construction of the free gravel road is not presented by the record. For the reason that the complaint fails to state a cause of action against the appellant, the same will have to be reversed. The judgment is reversed.