UNION TRACTION COMPANY ET AL. *v.* CAMERON.

[No. 12,414. Filed February 25, 1927.]

1.  DAMAGES.—*Instruction as to damages in husband's action for personal injuries to wife held erroneous.*—In an action by a husband for personal injuries to his wife, where there was no evidence that she would probably require any further medical treatment and care or that the plaintiff would probably be put to any future expense on that account, an instruction that if the jury found her injuries to be permanent, it might "estimate the reasonable future expense and loss that will be sustained by the plaintiff * * * on account of further treatment and care in the future" was erroneous and should not have been given. p. 633.

2.  DAMAGES.—*Verdict for $10,000 for injuries to plaintiff and wife held excessive.*—A verdict for $10,000 for injuries to plaintiff and his wife in a collision between an interurban car and an automobile in which plaintiff and wife were riding, *held* excessive where plaintiff's injuries consisted of, scalp wounds, bruises of the head and body and minor contusions of lower limbs, the recovery for the wife's injuries being limited to his loss of her services and the expense of medical treatment in a hospital and other hospital expense. p. 635.

3.  DAMAGES.—*Evidence of extent of wife's injuries, but not of her suffering, was admissible in husband's action for damages because of loss of service.*—In an action by a husband to recover for loss of his wife's services by reason of personal injuries and for the money paid for the services of doctors and nurses and for hospital expenses, evidence as to the nature and extent of the wife's injuries was admissible as bearing upon the loss of services and also for the purpose of showing that the hospital expense and doctor bills were proper, but unnecessary details of her suffering and her statements relative thereto were inadmissible. p. 635.

From Johnson Circuit Court; *Fremont Miller,* Judge.

Action by Martin W. Cameron against the Union Traction Company and another. From a judgment for the plaintiff, the defendants appeal. *Affirmed on condition of remittitur, otherwise reversed.* By the court in banc.

*James A. VanOsdol, Ralph K. Kane, Gideon W. Blain* and *Robert Hollowell, Jr.,* for appellants.

*Beckett & Beckett* and *Featherngill & Drybread,* for appellee.

McMahan, C. J.—Complaint by appellee to recover damages on account of a collision between an automobile owned and driven by him and an interurban car operated by appellants. The complaint is in two paragraphs. The first is for personal injuries received by appellee. The second is based upon the fact that appellee's wife was also injured in the same collision and seeks to recover for loss of her services and for money expended for services of doctors and nurses, and for hospital expenses. A verdict of $10,000 was returned in favor of appellee and from a judgment rendered thereon, this appeal is prosecuted. The collision in which appellee and his wife were injured is the same one as was involved in *Union Traction Co.* v. *Wynkoop* (1926), 154 N. E. (Ind. App.) 40, in which a guest who was riding with appellee recovered a judgment on account of injuries suffered by him.

Appellants contend the court erred in giving and refusing to give certain instructions. Many of the instructions challenged in this appeal are the same as those challenged in the Wynkoop case, where we held there was no error in the giving or the refusal to give such instructions.

Instruction No. 12, of which appellant complains in the instant case, related to the measure of dam-

ages in case the jury found for appellee. The part which appellants challenge relates to the measure of damages as applied to the second paragraph of complaint, and is as follows: "And the court instructs you that on said paragraph of complaint, that the plaintiff's recovery in this action is limited to such damages as will fully compensate him for all the actual pecuniary loss which he had individually sustained by reason of said injuries to his said wife. And you shall assess his damages at such a sum as will compensate him for any expenses necessarily and reasonably incurred by him for medical treatment of his said wife in attempting to effect her cure, if any, and also such reasonable expenses as have been necessarily incurred by him aside from medical expenses, in caring for her in her illness resulting from such injuries, as are shown by the evidence. And if you believe from the evidence that his said wife has not yet recovered from said injuries, and that said injuries, or any of them, are permanent, you may *estimate the reasonable future expense and loss that will be sustained by the plaintiff, if any, as a proximate result of said injuries, on account of further treatment and care in the future.* And the plaintiff is also entitled to be compensated for the pecuniary value of the loss, if any, of his wife's services. And from a consideration of the foregoing facts and circumstances as disclosed by the evidence, you may award him such an amount as will, in your sound judgment, fully compensate him for whatever pecuniary loss sustained by him, as a proximate result of her said injuries as alleged in the second paragraph of complaint." (Our italics.)

Appellants particularly object to that part of the instruction in italics. The objections urged to this part of the instructions are: (1) That such damages are speculative; (2) that such damages, if recoverable at

all, should be recovered by the wife in an action by her; and (3) there is no evidence to authorize a recovery for future medical services and care.

Appellants cite a number of cases holding that a parent who sues to recover for injuries to his minor child can only recover for medical expenses down to the time of the trial and that the right to recover for future medical care is in the minor and not in the parent. One of these cases so cited is *Clarke* v. *Eighth Ave. R. Co.* (1924), 238 N. Y. 246, 144 N. E. 516, 37 A. L. R. 1. Conceding the rule to be as announced in the New York case when the action is by a parent, it is not necessarily applicable in all its strictness to an action by a husband for loss occasioned by reason of an injury to his wife. In *Indianapolis St. R. Co.* v. *Robinson* (1901), 157 Ind. 414, 61 N. E. 935, the question arose upon the admission of evidence to the effect that a surgical operation would probably be necessary to save the life or to relieve the suffering of the wife. In holding such evidence admissible, the court said: "The appellee had the right to show, if he could, that a surgical operation would probably be necessary to save the life, or to relieve the sufferings of his wife, and the expense attending the operation. The appellee owed to his wife the duty of providing for her whatever surgical and medical treatment her case demanded, and if there was a probability that an operation would be required, it was proper to prove the fact, and to show how much such an operation would cost the appellee."

In the instant case, there is no evidence, or claim, that appellee's wife will probably require any further medical treatment and care, or that appellee will probably be put to any future expense or loss on that account.

In *Indianapolis Traction, etc., Co.* v. *Hensley* (1917), 186 Ind. 479, 494, 115 N. E. 934, the Supreme Court,

Lairy and Myers, JJ., dissenting, held a similar
1. instruction not reversible error, where there was
no claim on appeal that the damages assessed
were excessive. While that part of the instruction in
relation to any future expense and loss on account of
further treatment and care of the wife is objectionable
and should not have been given, we, in view of the
Hensley case, would probably not be justified in revers-
ing the cause on that account. Appellant, however, in
the instant case challenges the verdict on the ground
that the damages are excessive. In this respect, this
case differs from the Hensley case. This leads us to
a consideration of the amount of the recovery.

Appellee was a witness in his own behalf, and, after
stating that at the time of the accident, he was manager
of an insurance company at a salary of $500 a month,
and, after testifying quite fully as to the circumstances
surrounding the accident, in describing his injuries,
stated that he suffered a number of scalp wounds; sus-
tained injuries which gave him pains in the back of
his neck and in the back of head; bruise on the left
side of his head, pains in his body, minor contusions in
his lower limbs; that the above was the extent of his
injuries; accident happened Tuesday evening, after
which he accompanied his wife to the hospital, where he
remained until the following Sunday afternoon; the
vision of his left eye was impaired so that he wore
glasses before the accident, but could get along with-
out them; uses glasses constantly since that time; be-
fore accident, his health was good; weight 190 pounds;
lost weight after and got down to 160 pounds; had
trouble with his nervous system; went to Hot Springs
for a month and took treatments there; it removed ner-
vous trouble to a great extent; is in good health now
and has regained his weight; not able to do any work
in office for five months; total hospital and medical ex-

penses for himself was $269.11, in addition to expenses on account of going to Hot Springs, which was $300; the doctor's bills for his wife was $105, while the hospital and nurse bill for his wife amounted to $183.35; the doctor and drug bills for his wife amounted to $115. On cross-examination, he stated he got his salary from the insurance company all the time; never off the payroll; had no broken bones; injuries were small cuts on head and bruises on body and neck, all of which had healed.

Doctor McCaskey testified that, prior to the accident, he had examined appellee's eyes and had prescribed glasses for him.    Before the accident, he had a defective vision of from one-fourth minus to one-third minus. After accident, changed glasses on left eye from one-fourth minus to one-third minus.    In describing the condition of appellee and the extent of the injuries suffered by him, the doctor testified as follows:    "There were no broken bones and the scalp wounds are all healed up and so far as any results from this accident, there was the condition in the left eye, loss of flesh and he was somewhat nervous.    He has gotten over that now.    There was no perceptible injury to the neck, no perceptible injuries to his body, his back, or his limbs, only some general bruises.    There were no lacerations. There was an internal injury to his brain.    He did not have any injuries to his lungs, heart, liver, kidneys, bladder, intestines or stomach.    No perceptible injuries to his pelvis; did not treat him for any other injuries, only told him to be careful and take care of himself."

In addition to the evidence relating to the extent of the injuries suffered by appellee, witnesses, over appellant's objections, were permitted to go into details of the situation after the collision and which went to the pain and suffering of appellee's wife, such as the length

of time she was pinned under the car, her expressions of pain, and her testimony in reference to her situation immediately after the accident, in which she said: "It hurt me so bad, it felt as if my legs were being torn to pieces. I was conscious all the time. I was so afraid they would do something that would injure me badly, that when I was released I collapsed." Dr. Mc-Caskey testified she was under the interurban car forty-five minutes and gave a detailed description of her injury. There was also other testimony of like character going to the extent of the injury of the wife, such as would appeal to the sympathy of the jury.

While it was proper to admit evidence as to the nature and extent of the injuries to the wife, as bearing on the question of hospital, nursing and medical 2. expenses incurred because of her injuries and the loss of her services, we cannot lose sight of the extent of appellee's injuries and his recovery in passing upon the contention of appellant that the damages assessed are excessive. The amount of the damages assessed, because of appellee's injuries and loss because of the injury to his wife, appeals to us as being clearly excessive, and may have been brought about in part at least by the reference of the court in instruction No. 12, to future treatment and care of the wife and the future expense and loss that might be occasioned thereby, although there was no evidence to justify a finding that there would probably be any necessity for any future expenses or losses on account of her condition. It is quite clear the jury was influenced by some improper motive when it fixed the amount of appellee's damages.

Complaint is also made concerning the admission of evidence as to the nature and extent of Mrs. Cam-3. eron's injuries. As stated above, it was proper to show the nature and extent of her injuries as

bearing upon the loss of services, if not for the purpose of showing that the money paid out to the doctor and nurse, and for hospital expenses was proper. But, in so doing, care should be used not to bring before the jury unnecessary details of her suffering and her statements relative thereto, for the purpose of unduly influencing the jury.

While the damages assessed are in our opinion excessive, we have concluded, however, that if appellee will, within thirty days, remit all of the verdict in excess of $5,000, as of the date of the verdict, the cause will be affirmed. In the absence of such a remittitur being filed in the court below and certified to this court, the judgment will be, and is, reversed.

Dausman, J., absent.