ZIFFRIN, ETC. *v.* BOLITHO ET AL.

[No. 16,198. Filed March 5, 1940. Rehearing denied May 10, 1940.]

*Slaymaker, Merrell & Locke,* of Indianapolis; and *Thos. E. Kane,* of Noblesville, for appellant.

*Wymond J. Beckett,* of Indianapolis; and *Christian & Waltz,* of Noblesville, for appellees.

CURTIS, J.—This was an action by Joseph Bolitho against August Schaaf and Esther Ziffrin, doing business under the name and style of Ziffrin Truck Lines, to recover damages for personal injuries sustained as a result of a collision between a wagon in which said Bolitho was riding and a truck being operated by said Schaaf which accident happened on State Road No. 31 near Henryville, Indiana, on August 8, 1931.

The plaintiff filed an amended complaint and the defendant, Esther Ziffrin, doing business under the name and style of Ziffrin Truck Lines, filed answer in

general denial to said amended complaint and the cause was tried by jury on the issues so made. In the amended complaint it was alleged that the defendant Ziffrin, was engaged in the business of trucking merchandise and that she was operating a truck by her servant, the defendant Schaaf, and that the defendants ran this truck against the rear of a wagon loaded with gravel and drawn by a team of horses, in which the plaintiff was riding, resulting in the injuries to said Joseph Bolitho. The defendant Schaaf filed no answer and was defaulted at the trial.

The jury returned a verdict for the plaintiff against both defendants for $10,000. Judgment was entered by the court in accordance with the verdict. A motion for a new trial was seasonably filed and overruled and this appeal followed.

The error relied upon by the appellant for reversal is the ruling on the motion for a new trial.

The motion for a new trial contains the causes that the verdict of the jury is not sustained by sufficient evidence; is contrary to law; the damages are excessive; alleged error in rulings admitting certain items of evidence over the objection of the appellant and error in the giving of each of instructions numbered 5, 6, 7, tendered by the appellee and error in the giving of instruction numbered 9 on the court's own motion.

The appellee contends that there is no bill of exceptions in the record claiming in effect that it was not tendered and filed by the appellant. The basis of the contention is that the words "doing business under the name and style of the Ziffrin Truck Lines" following the name of the appellant Esther Ziffrin are not always used the same, they being sometimes omitted and at other times included the abbreviation "Inc". An examination of the record

shows that the action as finally submitted for trial was an action against Esther Ziffrin individually and the other defendant, the appellee August Schaaf and none other. She was described as Esther Ziffrin, doing business under the name and style of Ziffrin Truck Lines. The judgment was against her as such. We look upon these added words following her name as surplusage and in the nature of descriptio personae and that the errors, if any, in such descriptions are not fatal errors. See: *Morrow, Trustee* v. *Shober* (1898), 19 Ind. App. 127, 49 N. E. 189; *Guyer* v. *The Union Trust Company of Indianapolis, Trustee* (1914), 55 Ind. App. 472, 104 N. E. 82; *Marion Bond Company, Trustee,* v. *Mexican Coffee & Rubber Company* (1903), 160 Ind. 558, 65 N. E. 748.

We now proceed to an examination of the case upon its merits.

The appellant in her brief, under the heading of Propositions and Authorities, discusses first her contention that the damages assessed by the jury are excessive. Her only point under this heading is as follows: "Point 1. In view of the evidence that appellee Bolitho was sixty-seven (67) years old at the time of the accident and that the only actual expenses were doctor's bills totaling thirty and 50/100 ($30.50) dollars, and in view of the lack of evidence as to the earnings of Bolitho before and after the accident, there is not sufficient evidence in the record to support the verdict of ten thousand ($10,000.00) dollars." Two cases are cited under this point. In the first case, *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 108 N. E. 29, 109 N. E. 404, this court in the original opinion therein sustained a verdict of $6,000.00 as not excessive but on rehearing concluded that the verdict was excessive in the amount of

$1,500.00. The injured person there was a married woman 56 years of age at the time of the accident and living with her husband. She was injured in a fall upon a defective sidewalk. It was shown that, though no bones were broken, she suffered severe pain in her right knee and leg and about her body in the region of the right kidney, that she was thereby confined to her bed for ten days and to the house for several months, under the regular care of a physician; that for about six months she was required to use crutches; that while the injury to the kidney did not materially interfere with the functions of the organ, it produced constant pain and a nervous condition; that the percentage of cures of such injuries is small; that the injury to the knee was probably permanent, and that she had lost weight and was unable to do all her housework.

In the other case cited by the appellant, *Union Traction Co.* v. *Cameron* (1926), 85 Ind. App. 629, 155 N. E. 265, this court affirmed on condition of a remittitur in the sum of five thousand dollars otherwise reversed the judgment. The judgment below in that case was in the sum of $10,000.00. The appellee therein received his injuries while riding in an automobile which collided with an interurban car operated by the appellants in that case. His wife was also injured in the same accident. The husband's own doctor testified that prior to the accident, he had a defective vision from one-fourth minus to one-third minus; that after the accident he made a small change in the glasses for the left eye. Testifying further the doctor said: "There were no broken bones and the scalp wounds are all healed up and so far as any results from this accident, there was the condition in the left eye, loss of flesh and he was somewhat nervous. He has gotten over that now. There was no perceptible injury to the neck, no perceptible

injuries to his body, his back, or his limbs, only some general bruises. There were no lacerations. There was an internal injury to his brain. He did not have any injuries to his lungs, heart, liver, kidneys, bladder, intestines or stomach. No perceptible injuries to his pelvis; did not treat him for any other injuries, only told him to be careful and take care of himself."

The court found that there had been erroneously admitted many items of evidence as to the suffering of the wife and her expressions of pain at the time of the accident during the 45 minute period in which she was pinned under the interurban car, which would appeal to the sympathy of the jury. The court we think very properly ordered a reversal unless a remittitur was filed.

In the instant case a nurse who helped the doctor take care of the appellee Bolitho after his injury testified in substance that she had known him about thirty-five years. He was not lame before he was hurt in this accident, but was able-bodied. She was nursing his wife in his home at the time of the accident. She saw him carried into his house, and he was not altogether conscious and was moaning terribly with pain, and a cold sweat on him. She counted his pulse and saw his condition was bad, and gave him a stimulant to quiet his heart. His pulse was very weak. She took care of the appellee after he was injured. His right leg was crushed, small bone was broken and the ligaments or tendons that hold the muscles to the bone were torn loose, and the ends showed on the right leg. That the ligaments were torn loose where they hold the calf of the leg up. The flesh was all torn off so she could see the ligaments, and the flesh was all bruised and torn on the right leg. The left hip was injured, and also

the left leg was bruised terribly, and he had some nails torn off his fingers. He had a scalp wound. The left leg was black and blue, and was swollen twice its natural size. That he was confined to his bed four weeks, and during that time did not have his feet on the floor. She and Doctor Elrod treated him. In the meantime she dressed his wounds and appellee suffered intense pain day and night. She gave him medicine to ease his pain, and continued treatment after he got out of bed. That appellee crawled around by holding to chairs about four or five months, and maybe longer. He stayed in the house until March of the following spring, and was not able to do any kind of work during that time. At the time he was injured he did farming and dairying, had from ten to fifteen cows, did all the work of taking care of these cows and raising the feed for them before he was injured. He sold the cows because there was no one to take care of them. Before being hurt he did any kind of work that a farmer would do. He plowed, put in large crops of hay and oats, milked all the cows twice a day, and ran the separator. He carried water to the stock and did everything a man could do on the farm, and he was a hard worker. Two years later he was not able to do any work. Last summer he farmed some, but very little. Bolitho in his evidence corroborates the evidence of the nurse whose evidence was likewise corroborated by other witnesses. He, in addition, said in substance that it was three or four days after the accident before he saw the injured leg; that the flesh was all torn loose into the leaders, where it mashed the flesh away from the bone. He could see the leaders. The left leg was injured and left hip, left leg swollen larger than the other. "Legs have no strength to hold me any more. They gave way after I was hurt. Suffered so bad I

never slept day or night for three or four weeks. Three or four weeks before I could get out of the house after getting out of bed. First used crutches and then in the spring could walk around with cane. Do a little farming now, chop a little wood." That he has an attachment to his plow and harrow so that he can ride instead of walk. That he disposed of all his dairy cows, except two, about four years ago because he was unable to take care of them.

The appellee Bolitho's life expectancy at 67 years of age is 10.75 years under the Carlisle Table (English table) and 10 years under the American Experience Table. Our courts take judicial knowledge of the contents of these tables showing the possible life expectancy at the various ages listed in the tables. See: *Pittsburgh, etc., R. Co.* v. *Sudhoff* (1909), 173 Ind. 314, 90 N. E. 167; *Standard Oil Co. of Ind.* v. *Thomas* (1938), 105 Ind. App. 610, 13 N. E. (2d) 336.

As we view the record in this case we are faced with circumstances similar to those faced by the Supreme Court in the case of *Illinois etc., R. Co.* v. *Cheek* (1899), 152 Ind. 663, 53 N. E. 641, wherein it was said:

"We regard the judgment a large one, and it certainly was the duty of the trial judge to closely scrutinize and review the evidence and circumstances in the case to discover whether the jury was too liberal in their award of damages, and, if he found such to be the fact, promptly to grant a new trial or require a remititur. The trial judge, by overruling the motion for a new trial, in effect approved the assessment of damages, and we are not able to say that he violated his duty. No precise rule can be laid down for the award of compensation in cases of this kind, where the injury sustained is permanent, and will entail constant suffering upon the injured party. The mere fact that the damages may appear to this court on appeal to be excessive will not alone justify it in

disturbing the judgment, unless the assessment is so large as to induce the belief that the jury was actuated by prejudice, partiality, or corruption."

We have found nothing in this case to induce the belief that the jury was actuated by prejudice, partiality or corruption. We, therefore, hold that the verdict of the jury is not excessive. For authorities tending to support our conclusion see: *Terre Haute etc., R. Co.* v. *Sheeks* (1900), 155 Ind. 74. 58 N. E. 434; *City of Michigan City* v. *Phillips* (1904), 163 Ind. 449, 71 N. E. 205; *Vandalia Coal Co.* v. *Yemm* (1910), 175 Ind. 524, 92 N. E. 49; *Public Utilities Co.* v. *Handorf* (1916), 185 Ind. 254, 112 N. E. 775; *Citizens Tel. Co.* v. *Prickett* (1919), 189 Ind. 141, 125 N. E. 193.

Th appellant complains of rulings of the trial court in permitting three witnesses to testify as to conversations they had with Schaaf, two of them at the scene of the accident and the other as to a conversation shortly after the accident at the time the appellee Bolitho was brought to his home. They testified as to statements made by Schaaf at said times. They were certainly admissible as to Schaaf. He was a party defendant. The appellant asserts that since Schaaf was defaulted at the trial that the evidence should not have been admitted even against him. There is no merit in this contention. The record further shows that Schaaf was defaulted after the said evidence was introduced. Some of his alleged statements bore upon the question as to who was his employer. In connection with this evidence the court at the request of the appellant gave the following instruction: "I instruct you that the declarations or statements of an alleged agent cannot be received in evidence to prove that he is the agent of a party. Therefore you will not consider the statement of the defendant Schaaf that he was employed

by either Esther Ziffrin or Samual Ziffrin or the Ziffrin Truck Lines or either of them." Under these circumstances we see no reversible error in said rulings on the evidence. The evidence without serious conflict showed that the appellant was operating a trucking business between Chicago, Illinois, through Indianapolis, Indiana to Louisville, Kentucky under a certificate of convenience and necessity issued by the Public Service Commission of Indiana. The route from Indianapolis to Louisville was over highway No. 31 where the accident occurred.

There was other ample evidence from which the jury could conclude as it evidently did conclude that the said Schaaf was driving the truck that caused the injury, as the agent of the appellant and in the act of delivering her goods from Indianapolis, Indiana to her station at Louisville, Kentucky under her franchise and that he was not an independent contractor. The instruction above set out is as favorable to the appellant certainly as she was entitled to under the law. See: *Bates Motor Transport Lines Inc.* v. *Mayer, Admx.* (1937), 213 Ind. 664, 14 N. E. (2d) 91.

The appellant next contends that certain instructions given are erroneous and harmful. When these instructions are considered along with all of the instructions given in the case, as they must be, they are readily seen not to be misleading or harmful. We see no reason to conclude that the jury was in any way misled.

Finding no reversible error the judgment is affirmed.

NOTE.—Reported in 25 N. E. (2d) 675.